## Bannon v. Watson.

(Decided January 27, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

1. **Master and Servant—Election of Both Master and Servant to Operate Under Compensation Act Necessary, and Master's Acceptance Must Be Registered.**—To make an injury compensable under Workmen's Compensation Act, both employer and employee must have elected to operate under its provisions, in view of Ky. Stats., Supp. 1918, sections 4882, 4956, 4957, and the employer's acceptance must have been registered as required by law, a condition that cannot be waived by the employee.

2. **Pleading—Answer Alleging Jurisdiction of Compensation Board Construed most Strongly Against Employer and Inferences Not Drawn to Supply Essential Allegations.**—In employee's action for personal injuries, employer's answer affirmatively alleging jurisdiction in Workmen's Compensation Board must be most strongly

construed against him, and, where no allegation is made that defendant accepted provisions of Compensation Act or elected to operate under it, such allegation will not be supplied by inference, particularly where other allegations of the answer deny that plaintiff was requested to elect or had elected to work under Compensation Act.

3. Master and Servant—Findings that Employee was Entitled to Sue for Injuries at Common Law Held Sustained by Pleadings.— Findings of court that plaintiff had not accepted Workmen's Compensation Act, and conclusion of law that plaintiff was entitled to sue at common law for personal injuries, held sustained by pleadings, where nowhere in such findings or conclusions, nor in the court's opinion overruling motion for new trial, did the court intimate that there was any evidence to show that employer had accepted provisions of Compensation Act.

4. New Trial—New Trial Not Granted to Permit Defeated Litigant to Plead and Prove Entirely New Issue.—Notwithstanding the wide discretion given to trial courts under Civil Code of Practice, section 134, as to amendments to conform to proof, a new trial will not be granted to enable the defeated party to plead and prove an issue essential to his recovery which was not pleaded or proved on the trial; there having been no stipulation relative thereto.

O'NEAL & O'NEAL, A. M. MARRETT, E. W. SPRAGUE, and JOHN D. CARROLL for appellant.

R. L. PAGE and CHAS. F. OGDEN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

W. P. Bannon is a plastering contractor, and James Watson a laborer in that trade. While working for the former stuccoing the walls of the Transylvania University in Lexington, a defective scaffold upon which Watson was standing gave way, and he was precipitated to the ground below, receiving serious and permanent injuries.

Alleging negligence, Watson sued Bannon in the Jefferson circuit court, and recovered a judgment for $8,000.00. On this appeal the only ground relied upon for reversal is that at the time of the injury Watson and his employer had both accepted the provisions of the workmen's compensation act, and that an action would not lie at law for personal injuries.

A separate trial was had upon this issue in the lower court, and by agreement the law and facts as to it

were submitted to the court without a jury and a finding made in favor of plaintiff.

The court's findings of law and facts were separated and are in these words:

"As a matter of fact the court concludes that a former employment of the plaintiff by defendant under which plaintiff had accepted the provisions of the Workmen's Compensation Act, had terminated and the relationship of employer and employe had ended several months before plaintiff's new employment by the defendant had begun, and that under the later employment, which existed at the time of plaintiff's alleged injury, the plaintiff had not accepted the provisions of the Workmen's Compensation Act.

"As a matter of law the court concludes that where an employe is not engaged under the Employers' Liability Act, as in this case, he may sue at common law to recover for personal injury."

Afterwards defendant filed grounds and entered motion for a new trial, but this was not acted upon at the time. Something over a year after this trial, the case was heard by a jury on its merits, with the result above indicated.

Grounds were filed and motion entered for a new trial on this branch of the case and both motions argued, but before they were acted on defendant tendered and offered to file an elaborate amended answer perfecting his defense in the first branch of the case, by stating that *he* had accepted the provisions of the compensation act. The court refused to permit this to be filed but made it a part of the record, and thereupon overruled the motion for a new trial.

The evidence heard by the court on the trial of the jurisdictional issue is not in the record before us, hence we are unable to say whether the pleading tendered conforms to the evidence heard on the trial of that branch of the case; and apparently the only question to be considered by us is as to whether the pleadings sustain the finding of the court on that issue.

On this question it is said in the petition:

"Plaintiff says that he is and has been for thirty years a plasterer, and that at different times he has been employed by the defendants to do plastering in

various buildings that defendant had the contract to do the plastering work in. He states that in March, 1920, the defendant had a contract to do certain plastering work for the Sun Varnish Company, and d' employ him to do that work as a plasterer; that he was paid wages in the sum of $7.00 per day; that when defendants had completed their contract with the said Sun Varnish Company they were through with the services of plaintiff and he ceased to work for the defendants; that when employed by the defendants at said Sun Varnish Company's plant, the defendants asked this plaintiff to elect whether or not he would work under what is known as the Workmen's Compensation Act, and he did so elect by signing the required notice as provided by law.''

It is further stated that after he ceased working for the defendant in March, 1920, until the latter part of May, 1920, the plaintiff worked for other contractors and concerns and was not employed by defendant in any way; that in the latter part of May, 1920, he was employed by defendant as a plasterer on the Francis building in Louisville; that:

"When he went to work in said building in May, 1920, defendant presented a notice accepting and electing to work under the Workmen's Compensation Act and requested the plaintiff to make an election to so work or to reject said notice and act, and this plaintiff says he did then and there at said time and place decline to work under said Workmen's Compensation Act and did elect not to work thereunder, and did refuse to sign said notice, and notified the defendants of said fact; that he then elected to waive all rights that might accrue to him by virtue of the provisions of said act in the event he was injured while so employed. That his refusal to elect to work under the compensation act was satisfactory to the defendants, and that he continued in the employ of the defendants until the date hereinafter set out.''

That following the work on the Francis building he worked for defendant in Lexington, but at no time signed the workmen's compensation register or was requested to do so, and was so engaged on October 9th, the day of the injury.

The answer denies:

"That at different times the plaintiff has been employed by the defendant named in the petition, in buildings that the defendant had the contract to do the plastering work in; he denies that in March, 1920, or at any other time, the said defendants had a contract to do certain plastering for the Sun Varnish Company, or that they did employ plaintiff to do said work as a plasterer, or that the plaintiff was paid wages in the sum of $——; or that when the said defendant had completed their contract with the Sun Varnish Company they were through with the services of the plaintiff, or that he ceased to work further for said defendants; he denies that when plaintiff was employed by the defendant at said Sun Varnish Company's plant the defendant asked the plaintiff to elect whether he would work under what is known as the Workmen's Compansation Act, and denies that he did so elect by signing the required notice as provided for by law, or otherwise."

He also traversed the other allegations of the petition.

In the second paragraph it is alleged:

"For further answer and as a cross-petition against the workmen's compensation board, this defendant says that during the month of March, 1920, and prior to the injuries complained of in the petition, the plaintiff elected to operate under an act of the General Assembly of the Commonwealth of Kentucky, which is chapter 33 of the Acts of 1916, known as the Kentucky Workmen's Compensation Act, by signing the agreement provided for in section 74 of said act, which is section 4957 of the Kentucky Statutes, vol. 3 of 1918; that at no time after said acceptance and election by the plaintiff did the plaintiff deliver to or file with his employer a written notice of withdrawal stating when said withdrawal should become effective, as required by section 76 of said act, which is section 4957 of said edition of the Kentucky Statutes."

It being further alleged that these facts gave exclusive jurisdiction of the claim to the workmen's compen-

sation board, which was sought to be made party defendant to the action. This paragraph was controverted.

To make an injury compensable under the Workmen's Compensation Act, both employer and employe must theretofore have elected to operate under its provisions in the way pointed out in the act. Kentucky Statutes, sections 4882, 4956 and 4957.

It will be observed that it is not alleged in either pleading that the appellant had ever accepted the provisions of that act, or elected to operate under it. Appellant's counsel admit that such election was essential to this defense, but argue that in construing the petition most strongly against the plaintiff, it must be inferred that the defendant was so operating, because it is alleged in that pleading that defendant's firm in March, 1920, asked him to elect whether he would operate under the act, and that he did so elect at that time to work under the act, by signing the acceptance notice on the register. Such conduct is inconsistent with a nonacceptance of the act by defendant, and is equivalent to an admission of the fact.

The argument is ingenious, but not conclusive. To be effective defendant's acceptance must have been registered as required by law. Plaintiff could not waive this, hence it would seem that he might state the facts as he understood them and leave the legal effect to the court. While the pleadings should be construed most strongly against the pleader, it is doubtful in a case like this if the rule extends to the extent of supplying necessary averments for his adversary; but if such inference is indulged it will further be observed that the answer specifically denies every allegation of the petition; and in the affirmative plea, alleging jurisdiction in the workmen's compensation board, every reference to defendant's acceptance of the act is studiously omitted.

In this paragraph defendant assumed the burden, and it must be construed against him. Certainly there is no rule of construction that would authorize the court to supply for him the missing averments so essential to his affirmative defense, especially as in the same pleading he denied that his foreman had asked plaintiff to elect whether he would work under the act or that he had elected to do so by signing the compensation register or otherwise.

Indeed the amended answer tendered on the motion for a new trial some fourteen months after this question

had been decided, did not allege that defendant had accepted the provisions of the act, at the time plaintiff signed the register on March 10, 1920; but, on the contrary, states that such acceptance was signed by him on March 15th, 1920, which was five days after the alleged agreement between him and plaintiff took place.

Perhaps this supplies a reason for the cryptic language of the answer; but at all events there is no allegation that defendant had accepted the provisions of the act, and construing all the pleadings together, no such inference can be drawn therefrom.

The lower court in his opinion on the motion for a new trial indicated that the evidence showed that the plaintiff signed the register, but that his employment ceased with that job and he was not engaged in intermittent work. This corresponds to his conclusions of fact on the trial of the first branch of the case; but it is nowhere intimated in either opinion or conclusion of law or fact that there was any evidence to show the *defendant* was working under the provisions of the compensation act. As to this both findings correspond with the pleadings and it cannot be said that the conclusions are not sustained by the pleadings.

But it is said that in the proceedings in the court below it was assumed that the defendant was operating under the act, and no issue was raised thereon, and for this reason the amended answer pleading that fact should have been filed. If such assumption be admitted, it is not claimed that it exists by reason of plaintiff's action or conduct, and nothing is intimated that would estop him from relying on proper pleadings and practice.

For the defendant to succeed in his effort to show lack of jurisdiction in the Jefferson circuit court, and exclusive jurisdiction in the workmen's compensation board, it was essential for him to establish this fact. This could not be done by mere assumption in the absence of both allegation and proof.

Under the wide discretion given to trial courts under section 134, Civil Code, amendments to conform to the proof are frequently filed up to the time of final submission. It is also common practice in motions and petitions for a new trial on the grounds of casualty and misfortune to tender pleadings, which in equity and good conscience ought to be filed, especially in a case where a default judgment has been rendered.

Further, in some cases it is held that a lack of proper pleading has been cured by verdict and judgment, where evidence was introduced on the issue on the assumption that proper pleadings had been filed, and the issue considered and determined in this way; but it is far afield to say that a party who has lost a case in which he has failed to either plead or prove a certain fact essential to his recovery, and in which there is no stipulation of any kind, may thereafter obtain a new trial in order that he may raise that issue in the pleadings and introduce proof thereon. Counsel cite Davis v. Kimberlin, 188 Ky. 147; Western Union Teleg. Co. v. Brent, 191 Ky. 503, in support of their position.

In the Davis case the plaintiff sought to recover a tract of land under an unrecorded deed. The original answer was a traverse. Proof was taken showing defendant to be an innocent purchaser for a valuable consideration and after submission, but before judgment, an amended answer was tendered conforming to the proof. The lower court gave judgment for defendant, but rejected the answer. This court held that the answer should have been filed. It also upheld the judgment.

In the Brent case there was a default judgment which on motion for a new trial was set aside on the ground of accident and surprise. Upon this being done an amended answer which had been tendered pending the motion was permitted to be filed. Evidence was taken on the issue raised in that pleading. Several months afterward the court overruled the motion to file this pleading and refused to permit the depositions taken on that issue to be read. The reason for the lower court's action does not appear. Perhaps he thought the pleading did not state a defense to the cause of action set up in the petition. At any rate this court held that it did state a good defense, was properly filed and improperly rejected.

Those cases are directly in line with the principles above enunciated, and we do not think any can be found conflicting therewith.

Wherefore, the judgment is affirmed.

Whole court sitting.