## L. E. Marks Co. v. Moore.

### (Decided Oct. 27, 1933.)

ANDREW W. NICHOLS for appellant.

NOGGLE & GRAHAM for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee, having received an injury in the course of and arising out of his employment with the appellant, made application before the Workmen's Compensation Board for the adjustment of an asserted claim for compensation. The board held that the employer had not elected to operate under the Compensation Act, and dismissed the appellee's claim. On an appeal to the circuit court, it ruled that the employer either had elected to operate under the Workmen's Compensation Act or was estopped to deny that he had so elected, and since it was admitted that the appellee had elected to operate under the act, the award of the Compensation Board was reversed and that board was ordered to ascertain the extent of the injuries of appellee and the amount of compensation due him for the same. From this judgment of the circuit court, this appeal is prosecuted.

The facts are not in dispute. It appears that the appellant, having a subcontract on a road project, began getting rock out of a quarry for it and employed the appellee to work in this quarry. At the time appellant got his contract, he went to his insurance agent in Bardstown and asked him to secure for him a policy of insurance carrying his workmen's compensation liability on this job. This the insurance agent agreed to do. At the same time the insurance agent had the appellant fill out and sign the necessary papers to be filed with the Workmen's Compensation Board in order to effect the election of an employer to operate under the Workmen's Compensation Act. Section 4956, Kentucky Statutes. The appellant left the office under the impression that he had done all that he was required to do in order to be operating under our Compensation Act. The agent had great difficulty in procuring an insurance company to carry the risk, and, indeed, did not do so until after appellee suffered the injury for which he herein seeks compensation. While the agent was attempting to get a policy for appellant, he did not file with the Compensation Board appellant's notice of election to operate under the act, nor did the agent do so until after appellee had been hurt. Appellee had been working for appellant about 2 or 3 days when appellant's foreman brought a book around and asked appellee to sign it, which he did. The foreman told him at the time that if he did not sign he would not recover for injuries. The appellee testifies that when the foreman got him to sign this book, he was thus led to believe that he was insured. This book was the register in which employees by signing made their election to operate under the act. A day or so after the appellee had signed the register, he received the injuries which are the subject-matter of this litigation.

The lower court's judgment cannot be sustained on the ground that the appellant had elected to operate under the Compensation Act. Section 4956 of the Statutes plainly provides that the election on the part of the employer to operate under the Compensation Act "Shall be effected by the employer by filing with the board the following notice" (then follows the character of notice to be filed). Our Compensation Act is entirely voluntary in its character, and, before it is operative on an employer or employee, there must be an

election on the part of such employer or employee to operate under the act. The act prescribes the manner and method by which such election shall be had. See Bannon v. Watson, 207 Ky. 23, 268 S. W. 573. That not having been followed in the instant case, it follows that the employer had not elected to operate under the act. However, we are of opinion that under the facts and circumstances of this case the appellant is estopped to deny that he had elected to and was operating under the act at the time the appellee was injured. In this regard, the instant case cannot be distinguished from that of Ramey et al. v. Broady, 209 Ky. 279, 272 S. W. 740, 741. There, as here, the employer had filled out the necessary blanks to be filed with the Compensation Board signifying his intention to operate under the act. There, as here, the employer undertook to procure insurance insuring his liability under the act. There, as here, the insurance agent failed to file the election to operate under the act with the Compensation Board until after the employee was injured. There, as here, the employer thought he was operating under the act. There, as here, the employer, a few days after the employee had been employed, required him to sign the compensation register, and there, a few days after the employee had so signed the register, he was killed. The Broady Case held that the insurance company, which had insured the liability of the employer, was, in a proceeding brought by the employee's dependents against the employer to recover compensation, estopped to deny that the employer had elected to operate under the act. The appellant undertakes to distinguish this case on the ground that the insurance company was estopped on account of its negligence in failing to file promptly the election of the employer to operate under the act. But a reading of the case discloses that the estoppel was based on the procurement by the employer of the employee to sign the compensation register; the employee believing at the time he so signed that he was thereby protected if any accident arose to him. In the instant case, it cannot be successfully denied that the requiring of the appellee to sign the compensation register was a representation to him that the employer was operating under the act. The testimony is that the foreman told the appellee that unless he signed the register he would not be protected if he received injuries, and that the appellee signed the register believ-

ing that he was thereby protected. Thus a pure case of estoppel is established, and hence the appellant is estopped to deny in this proceeding, brought against him by the employee, that he was operating under the act.

The judgment of the lower court being in accord with these views, it is affirmed.