SMITH COAL CO. et al. v. FELTNER et al.

Court of Appeals of Kentucky.
June 19, 1953.

Rehearing Denied Oct. 2, 1953.

Craft & Stanfill, M. B. Fields and B. W. Baker, Hazard, for appellants.

H. B. Noble, Hazard, for appellees.

CULLEN, Commissioner.

In proceedings before the Workmen's Compensation Board, Lee and Laura Feltner, father and mother of Boyd Feltner, who had been killed in the course of his employment as a driver of a coal truck, sought compensation, by reason of dependency, from Charlie Cornett, the Smith Coal Company, and the Leslie County Truckers' Association. The board found, as facts, that (1) Boyd Feltner was an employe of Charlie Cornett; (2) the latter had not elected to operate under the Workmen's Compensation Act, KRS 342.001 et seq.; (3) Boyd Feltner was not an employe of Smith Coal Company or Leslie County Truckers' Association, and (4) Charlie Cornett was an independent contractor with the coal company. Accordingly, the board denied compensation.

On appeal from the board's decision, the Perry Circuit Court found that Boyd Feltner was an employe of the coal com-

pany and the truckers' association, and that the latter were estopped to deny liability for compensation. Judgment was entered remanding the case to the board with directions to enter an award in keeping with the findings of the court. The coal company and the truckers' association have appealed from that judgment.

The record presents an unusual state of facts, from which a novel question arises. It appears that the Smith Coal Company owns and operates a coal mine at Wooton, Kentucky, and a tipple at Combs, Kentucky, some 12 miles from Wooton. The coal company had contracts with a number of truck owners, including Charlie Cornett, for the hauling of coal from the mine to the tipple. The truckers were paid on a ton basis, and they employed and paid their own drivers. The details of the contracts, and the actual methods of operation, were such that under the tests normally applied the truckers clearly were independent contractors.

Boyd Feltner was employed as a truck driver by Charlie Cornett, and was killed while engaged in this employment.

The coal company carried workmen's compensation insurance for its regular employes, with Lloyds.

Some time prior to Feltner's death, the Smith Coal Company and an insurance agent undertook to form an organization to be known as the Leslie County Truckers' Association. An insurance policy was issued by the Eureka Casualty Company in the name of the truckers' association, insuring the liability of the association for workmen's compensation to its employes. The premium on this policy, in the amount of around $1,200, was paid by the Smith Coal Company. All of the truck owners and drivers hauling coal for the Smith Coal Company were required to sign a compensation register bearing the name of the truckers' association, which register was kept in the office of the coal company at its tipple in Combs. The premiums on the compensation insurance policy were computed by keeping records of the wages and hours of the truck owners and drivers. The truck owners and drivers were spe-

cifically told by officers of the coal company that they were covered by workmen's compensation insurance.

Actually, the Leslie County Truckers' Association was pure fiction. It had no form of organization—no officers—no members. It did not exist except in name. Notice of its election to operate under the workmen's compensation law never was filed with the board; although there was some evidence that the insurance agent was supposed to have taken care of that. Mr. M. H. Smith, owner of the coal company, testified: "The purpose of the organization was to cover the truckers in the Leslie County Truckers' Association and to secure a policy for them. * * * It was my understanding at the start it was supposed to cover all the truckers that hauled for the Smith Coal Company. * * *"

Under these facts, the question seems to be whether the coal company and the truckers association (and, incidentally, their insurance carriers) can be held liable for workmen's compensation to a person who technically was not their employe. We think that the coal company, to the extent that it acted in the name of the truckers' association, can be held liable.

█ That liability for workmen's compensation may be based on estoppel is well established. McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687; L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426; Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S.W. 846. While the cases just cited all involved situations where the employer-employe relationship clearly existed, the reasoning relied upon in those cases is equally applicable to the facts here involved.

The course of action followed by the Smith Coal Company was such as to lead the truck drivers to believe that they were covered by workmen's compensation insurance. It is quite possible that the drivers would not have accepted employment without being assured of the compensation coverage. The sole purpose in organizing the truckers' association was to provide compensation coverage. Under these circumstances, we think it is imma-

terial whether or not the drivers actually were employes either of the coal company or the association. It is likewise immaterial that the Workmen's Compensation Board found as a fact that Feltner was not an employe of the coal company or the association, because the controlling question is one of law and not of fact.

■■ As we view the case, there is no basis for holding the Smith Coal Company as such, and the insurance carrier for its regular employes, liable for compensation. There was no representation that compensation for the truck drivers was being provided directly by the coal company, in that name, and the premiums paid to its regular insurance carrier did not contemplate coverage of the truck drivers. However, we think it is just and proper to impose liability upon the coal company acting under the name of the Leslie County Truckers' Association, and upon the insurance carrier which issued a policy in that name. As found by the lower court, the truckers' association was merely "an agency or a child" of the coal company, and in reality was the coal company operating under a different name. Recognition that the coal company had a separate existence under the name of the truckers' association was made by the insurance carrier when it issued its policy in the name of the truckers' association, and we think that the existence was sufficient to form a basis for liability. The fact that the truckers' association did not file the necessary forms with the Workmen's Compensation Board to evidence its acceptance of the compensation law is no bar to liability, in view of the evidence that the insurance agent had agreed to file the forms and had failed to do so. Ramey v. Broady, 209 Ky. 279, 272 S.W. 740.

To the extent that the judgment directs that an award be made against the Smith Coal Company, as such, it is reversed; to the extent that it directs an award to be made against the Smith Coal Company under the name of the Leslie County Truckers' Association, it is affirmed.