JONES

v.

CRUMMIES CREEK COAL CO. et al.

Court of Appeals of Kentucky.

Dec. 11, 1953.

As Modified on Denial of Rehearing
Feb. 26, 1954.

George R. Pope, Harlan, for appellant.

James Sampson, Edward G. Hill, Harlan, L. O. Siler, Williamsburg, for appellees.

DUNCAN, Justice.

We are asked to reverse an order of the Workmen's Compensation Board, affirmed by the lower court, denying recovery to the appellant for total and permanent disability alleged to have resulted from silicosis contracted in the employment of appellee employer. Appellant had been employed by appellee for approximately nine years prior to April 12, 1951, at which time he quit work because of the alleged disability. This claim was filed on April 24, 1951.

At the outset, we are required to consider the Board's ruling in its construction of KRS 342.316(3), which provides:

"In claims for compensation due to silicosis, it must be shown that the employe was exposed to the hazards of the disease of silicosis in his employment within this state for at least two years before his disability or death provided that no part of such period of two years shall have been 'more than five years before the last exposure, and only the employer in whose employment the employe was last injuriously exposed to the hazards of such disease and his insurance carrier, if any, on the risk when such employe was last so exposed under such employment during a period of sixty days, shall be liable for compensation payable for disability or death."

Appellant accepted the provisions of the silicosis section of the Workmen's Compensation Act on February 28, 1951, and continued in the employment of appellee for only forty-three days thereafter. The Board contrued the statute as requiring employment for at least sixty days after election to operate under the silicosis section. The circuit court disagreed with the Board's construction of the statute but sustained denial of the award on other grounds. The written opinions of the Board and the lower court agree that the statute is ambiguous. We find ourselves in full accord with both the Board and the court in this respect.

Silicosis was not compensable under the provisions of the Workmen's Compensation Act as originally enacted. It was universally considered an occupational disease, and the only recourse of the employee, disabled by its effect, was an action at law in which the employer was liable if the disease was contracted as a result of his negligence in failing to furnish a safe place in which to work. Nolley v. Diamond Coal Co., 291 Ky. 849, 165 S.W.2d 841. In 1934, the Legislature amended Section 4880, Carroll's Kentucky Statutes, by adding to the provisions of that section what is known as the silicosis section of the Workmen's Compensation Act. Chapter 89, Acts of 1934. Under that amendment, employees and their employers engaged in certain occupations were permitted to elect to become subject to the provisions of the Act for death or disability due to silicosis.

In 1944, the silicosis provisions of the Act were again amended. Chapter 82, Acts of 1944. The latter amendment created certain standards which were prerequisite to recovery for disability or death arising from silicosis. One of the restrictions added by the amendment was:

"* * * that the only employer and insurance carrier liable shall be the last employer in whose employment the employee was last injuriously exposed to the hazards of the disease (silicosis) during a period of sixty (60) days or more after March 20, 1944, and the insurance carrier, if any, on the risk when the employee was last so exposed under such employer."

March 20, 1944 was the effective date of the amendment, and it is significant that the exposure period was computed from that time without regard to the date on which the employer and employee elected to operate under the silicosis provisions of the Act.

In 1948, the silicosis provisions were again amended by adding further requirements for recovery. By that amendment, c. 151, the requirement as to the sixty-day exposure period was changed to read as follows:

"* * * and only the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and his insurance carrier, if any, on the risk when such employee was last so exposed under such employment during a period of sixty (60) days, shall be liable for compensation payable for disability or death."

The construction urged by appellees and adopted by the Board, in effect, adds to the quoted provision the requirement that computation of the sixty-day period shall begin on the date of the election to operate under the silicosis section. If the Legislature intended to fix a date or an event on which the period should begin to run, it would have been a simple matter to state that requirement in specific terms. More especially is this true in view of the fact that the 1944 amendment fixed a specific date.

It is a familiar rule of construction that the Workmen's Compensation law should be liberally construed in favor of injured employees and their dependents. Pond Creek Collieries Co. v. La Santos, 307 Ky. 866, 212 S.W.2d 530; Hornsby v. International Harvester Co., 310 Ky. 208, 220 S.W.2d 401.

We think the sixty-day exposure provision, read in connection with other requirements, was intended to fix liability as between two or more employers in instances where the employee had been exposed to the hazards of the disease under more than one employer. We conclude that the Board's construction of the sixty-day exposure provision is erroneous.

We next reach the question of whether or not appellant met the other requirements of the silicosis provisions of the Act. The Board found, and the lower court concurred, that appellant failed to show that he was exposed to the hazards of the disease of silicosis in the employment of the appellee. In this determination, the Board relied upon its decisions and expert testimony before it in other cases.

The opinion of the able referee refers to testimony in other cases to the effect that in order to establish exposure to the hazards of the disease it is necessary to show: (1) presence of free silica at the place of employment; (2) that the silica is less than 5 to 10 microns in size; (3) that it is of a definite concentration; and (4) that the exposure existed for a certain period varying from one to ten years, depending on the silica concentration.

In the recent case of United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643, we refused to accept the highly technical requirements suggested by the Board's opinion in this case as being necessary to constitute an exposure to the disease of silicosis. The reasoning of that opinion applies with equal force to the facts of this case.

The Board's finding here, although stated as one of fact, was actually a determination as a matter of law that there was no exposure to the hazards of the disease of silicosis because of appellant's failure to meet technical requirements which we do not think are essential.

The evidence is conflicting on some questions of fact upon which we are unwilling to make an original finding. The case should, therefore, be rereferred to the Board for its finding on questions of fact which we have not undertaken to determine.

Appellee insists that appellant was not under the silicosis provisions of the Act on April 12, 1951, when he quit work. The contention is based upon the fact that Form 22–OD, evidencing the election, was not filed with the Workmen's Compensation Board until April 24, 1951. Appellant signed the register on February 28, 1951, and appellee is estopped to take advantage of the fact that the necessary form was not filed with the Board until almost two months later. L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426.

The judgment is reversed for proceedings consistent with this opinion.