**Sid ROBINSON, Appellant,**

**v.**

**PEABODY COAL COMPANY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Doyle & Doyle, Harlan, for appellant.

James Sampson, Edward G. Hill, Harlan, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment of the Harlan Circuit Court affirming refusal

of the Workmen's Compensation Board to grant compensation for disability allegedly caused by silicosis incurred while in the employ of the appellees.

Appellant, Sid Robinson, slightly over 50 years of age, had been employed continuously in the mines of the appellees for a period of over twenty years. It was stipulated by the parties "that on the 22nd day of February, 1952, both the plaintiff and the defendant Black Mountain Corporation elected to and were working ·under the terms of the Workmen's Compensation Act * * *." The testimony discloses that the claimant, Mr. Robinson, had operated an electric motor in the mine for the five years before February, 1952, when his health became so impaired he was no longer able to work. Sand was used to sand the tracts to create traction in order to enable the motor to pull loads up steep grades which resulted in the creation of considerable silica dust.

In 1949 the claimant's condition became so bad that he was admonished by an examining physician to seek work on the outside of the mines. However, he was not able to secure such work and continued in the same capacity until February, 1952. He subsequently was examined by a company physician and a Knoxville specialist, and both diagnosed his condition as silicosis. X-ray photographs made by two local physicians who, for some reason, did not appear as witnesses, were examined by a Chicago roentgenologist and declared to reveal no silicosis. A number of lay witnesses testified to the presence of silica dust within the mine. A referee of the Board allowed compensation, but upon full Board review the Board refused to accept his recommendation and held that the claimant had "failed to sustain the burden of showing that during any part of his employment with the defendant he was exposed to the hazards of the disease of silicosis."

The opinion of the Board was handed down in April, 1953, at a time when the Board was requiring scientific proof of the presence of inhalable silica before allowing compensation. Six months later, in United States Steel Co. v. Lockhart, Ky., 261 S.W.2d 643, we held that such a high degree of proof was not necessary to establish exposure to silica dust, and in December, 1953, we reiterated that opinion, Jones v. Crummies Creek Coal Company, Ky., 264 S.W.2d 294, 297, commenting:

"The Board's finding here, although stated as one of fact, was actually a determination as a matter of law that there was no exposure to the hazards of the disease of silicosis because of appellant's failure to meet technical requirements which we do not think are essential."

In fairness to the Board and to the claimant, it is apparent, in view of our recent decisions, that sufficient evidence of exposure has been adduced to justify the Board in granting an award of compensation if it concludes that the claimant actually has the disease.

In the printed form of his application for compensation, the claimant gave notice that silicosis was the basis of his claim. Throughout the hearing the company did not raise the question whether it had accepted specific silicosis coverage in conformity to KRS 342.005(2). The stipulation as to coverage which we have quoted is ambiguous, but certainly it was sufficient in the circumstances to cause claimant's counsel to believe that no issue was to be made as to whether the company had accepted the silicosis provision of the Act.

Judgment is reversed, and the case referred to the Board for reconsideration and for the taking of further proof if the Board considers it advisable.