**Mrs. Adrian GINN, Appellant,**

**v.**

**Henry Means WALKER, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

D. Bernard Coughlin, Maysville, Harvey Parker, Jr., Vanceburg, for appellant.

E. L. Zeigler, Maysville, L. T. Grant, Lexington, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment of the Lewis Circuit Court affirming an order of the Workmen's Compensation Board which denied the appellant's claim for compensation for the death of her husband, Adrian Ginn. The Board held that Ginn and the appellee, Henry Means Walker, had not complied with certain provisions of the Compensation Act. It is argued that the appellee and his insurance carrier are estopped to deny liability for compensation.

Ginn and his son were mowing a 50-acre pasture when Ginn's tractor overturned with him into a creek, pinning him underneath the tractor. It is not shown whether his death resulted from injuries received in the accident or whether he drowned, but it is agreed that his death was accidental.

Walker is the owner of the 150-acre farm where Ginn lived. He is also the owner of a farm approximately two and one-half miles from the one Ginn operated. That farm, consists of about 250 acres, and is operated by him and his two sons. The rental contract between Walker and Ginn was on a fifty-fifty basis. Walker also paid Ginn an average of $5 or $6 per day when he did other work for him. Payment was not in cash, but was based on an exchange of work. Walker said he had entered into a compensation agreement with Ginn and that notice of the agreement was

posted on the farm rented by Ginn. Ginn also signed a compensation register.

The appellant's contention that Walker and his insurance carrier are estopped to deny liability does not concern us here. We have concluded that Ginn was not covered by the Compensation Act because he and Walker had not complied with the provisions of KRS 342.005(2). The work Ginn was doing was agricultural in nature. Under KRS 342.005(2), he and Walker were required to file a joint application in writing for permission to operate under the provisions of the Compensation Act for a stated period. There is no proof that such an application was filed. Walker filed an application to operate under the Act, but this application was only on his behalf and was not signed by Ginn. They were required also to file a written application because Walker had less than three employees. The Board properly found that Ginn was not covered by the Compensation Act.

Judgment affirmed.