**KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION, Appellant,**

v.

**W. F. POTTS, Individually and d/b/a Minish
& Potts, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

Paul E. Tierney, Christopher C. Frishe, Samuel H. Cole, Frankfort, for appellant.

D. E. Wooldridge, LaGrange, for appellee.

CULLEN, Commissioner.

The Kentucky Unemployment Compensation Commission entered an order assessing unemployment compensation taxes against W. F. Potts, an individual doing business under the name of Minish & Potts, for the years 1946 through 1950. The assessment was based upon a finding that Potts had in "covered employment", KRS 341.050, a sufficient number of employes (four) to bring him under the Kentucky Unemployment Compensation Act. The taxes, with interest and penalties, amount to around $1,750. Potts, claiming that his employes were engaged in "agricultural labor", KRS 341.050(5) (a), and therefore not subject to the Act, appealed to the Franklin Circuit Court, which upheld his contention and set aside the order. The commission has moved for an appeal to this Court.

Potts operated two greenhouses near Louisville, and a floral shop in Louisville which was the main retail outlet for the products of his greenhouses. At the floral shop he sold only his own products. He had four employes at the floral shop, one of whom spent part of his time transporting products from the greenhouses to the shop. It is conceded by the commission that the employes at the greenhouses were engaged in agricultural labor, but the commission maintains that the work of the employes at the shop was not agricultural work, and therefore those employes were under the Act.

The Kentucky Unemployment Compensation Act, enacted in 1936, was patterned after the original Social Security Act of 1935, 42 U.S.C.A. § 301 et seq. Both of these Acts exempted "agricultural labor," but neither Act defined that term. In 1939 the Federal Act was amended to set forth a definition of "agricultural labor," but the Kentucky Act has not been amended.

The commission practically concedes that under the 1939 amendment to the Federal Act, and the administrative and judicial interpretations of that amendment, the work of the employes in Potts' floral shop would constitute "agricultural labor".

However, the commission contends that under the administrative and judicial interpretations of the original Social Security Act of 1935 the work would not constitute "agricultural labor," and since the Kentucky Act has not been amended, the interpretations of the original Social Security Act must govern.

By Regulation No. 90 of the Treasury Department, adopted in 1936, it was provided that "agricultural labor" should include all services performed by an employe of the owner of the farm "in connection with the * * * marketing" of materials produced on the farm, so long as the marketing was carried on as an incident to ordinary farming operations "as distinguished from manufacturing or commercial operations", art. 206(1) (b).

In Fosgate Co. v. United States, 125 F.2d 775, it was held that where a fruit grower bought fruit on the trees of other producers, picked the fruit, and then processed, packed and marketed it, the employes engaged in such work must be classified as commercial rather than agricultural. In Jones v. Gaylord Guernsey Farms, 10 Cir., 128 F.2d 1008, a stenographer and a bookkeeper employed in the downtown office of the owner of a large dairy farm were held not to be engaged in agricultural labor, because they were performing a special, skilled trade or profession. A similar holding was made in Latimer v. United States, D.C., 52 F. Supp. 228, as to office employes of a co-operative fruit-growing enterprise. In Larson v. Ives Dairy Co., 5 Cir., 154 F.2d 701, the clerical force and sales solicitor of a large dairy company were held not to be engaged in agricultural labor, because they were of a specialized, professional type, having aptitudes quite apart from farm work.

None of these cases is quite in point. In the case before us, it was stipulated that "all clerical work, books and records of the business * * * are kept and done" at the greenhouses. There was no evidence that the employes at the floral shop performed any specialized service such as to place them clearly out of the agricultural labor category. Nor was the floral shop operation a commercial one in the sense employed in the Fosgate case.

We think it is reasonably to be concluded, from Regulation No. 90 and from the cases, that the question is to a considerable extent one of degree, and also must depend to some extent upon what may be considered ordinary practice as concerns the particular kind of farming operation involved. The size of the operation necessarily will enter in.

■ We think we may take notice of the fact that it is an ordinary practice for a producer of horticultural products to sell his products at retail. Thus, the services involved in marketing the products may be considered as "an incident to ordinary farming operations" (Regulation No. 90). While perhaps in most cases the selling is done from the greenhouse, this does not mean that sales at a separate retail shop must be classed as a commercial operation, so long as the sales are limited to the grower's own products and the sales end of the business has not reached such proportions as to take on the character of a separate commercial enterprise, requiring the services of employes whose qualifications are such that they must be classified as being definitely in the commercial labor market, as distinguished from the untrained labor market from which farmers ordinarily would select their employes.

■ Here, the operation of the floral shop by Potts may reasonably be considered to be an incident to "ordinary farming operations" in the horticultural field. As a matter of fact, it was stipulated in the circuit court that the services of the employes in question were rendered in "a regular grower's market" and that the services were "incident to the ordinary horticulture" of Potts. We think the circuit court properly adjudged that the employes at the floral shop were engaged in "agricultural labor".

The motion for an appeal is overruled and the judgment is affirmed.