Carl SMITH, Appellant,

v.

SUPREME FEED MILLS, Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Richard L. Garnett, Glasgow, for appellant.

Carroll M. Redford, Glasgow, for appellees.

CAMMACK, Judge.

This is an appeal from a judgment affirming an order of the Workmen's Compensation Board which dismissed the claim of the appellant, Carl Smith, for compensation for injuries sustained while working on a farm tractor on the farm of Rogers Wells, a partner in Supreme Feed Mills. The crucial question presented is whether the Board had jurisdiction of the claim.

The appellees contend that Smith was engaged in agricultural pursuits at the time he was injured. They contend also that, since he and the partners in Supreme Feed Mills had not filed a joint, written, voluntary application as provided in KRS 342.005(2) for farm coverage, the Board had no jurisdiction to consider his claim by virtue of KRS 342.005(1). Smith contends that the farming operation was merely incidental to the operation of the Feed Mills, and that his acts at the farm, which resulted in his injury, were incidental to his regular employment at the mill. He claims also that, since he was performing a specific duty directed by his employer, in connection with and for the benefit of the employer's business, the employer and its insurance carrier should be estopped to deny his coverage under the Compensation Act.

Supreme Feed Mills is a brother-partnership composed of Rogers and Luther Wells. The partnership is engaged in the manufacture of livestock feed. The partners own livestock kept on the farm of Rogers Wells. Smith was employed by the partners as mill foreman and also as supervisor of the farming operation. He received a total compensation of $60 per week. The actual farm work was done principally by tenants; but Smith supervised it, and, at times, did some of the work himself. In March, 1954, he passed the farm and noted that a tractor being operated by the tenants in plowing was not working properly. He went to the mill and told the partners of the tractor trouble. They told him to return to the farm and get the tractor in proper shape. Smith returned to the farm, and while in the act of uncoupling one of the plows from the tractor, the wrench he was using slipped, and he suffered an injury to his back.

The Wells brothers, in their operation of Supreme Feed Mills, had elected to come

under the Compensation Act and had obtained insurance coverage for the employees who worked at the mill. The Mills' records showed that the entire salary of Smith was included in the computation of its compensation insurance premium. There was no evidence that Smith and the partners had even attempted to comply with the agricultural provisions of the Act.

The contention that the Board could acquire jurisdiction by estoppel was relied on by the appellant. Such a contention was refuted in Ginn v. Walker, Ky., 273 S.W.2d 840, wherein we held that an agricultural worker was not covered by the Compensation Act where the worker and his employer had not filed joint application for permission to operate under the special provisions thereof. The worker contended that the employer and his insurance carrier were estopped to deny liability on the grounds that the worker and his employer had entered into a compensation agreement and the worker had signed a compensation register.

Smith argues that (1) he had been employed for three years as farm supervisor; (2) during this same time he acted also as mill foreman; and (3) at the time he sustained the injury, he was engaged in his work as farm supervisor. He claims that the farming operation was incidental to the mill operation, and that coverage of the mill operation by the Compensation Act necessarily covered the farming operation incidental thereto. The evidence discloses that the farm operation was not limited to the feeding of a few head of livestock from mill refuse; but included a tobacco crop, cultivated pasturage, and a herd of livestock much too large to be fed and maintained on mill waste, exclusively. The Board was warranted in finding that such an operation was too general in scope and too large in size to be called incidental to the work or operation of Supreme Feed Mills. It was a distinct and separate business from Supreme Feed Mills.

Since, at the time of his injury, Smith was engaged in agricultural work not incidental to the work or operation of Supreme Feed Mills, and since he failed to show that he and the partners had filed with the Board a joint, voluntary, written application for coverage for agricultural work, the Board had no jurisdiction of his claim for compensation.

Judgment affirmed.