**CARRS FORK COAL COMPANY, Appellant,**

v.

**Leroy YANCEY, Appellee.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

Rehearing Denied Feb. 15, 1957.

Maxwell P. Barrett, W. W. Reeves, Hazard, for appellant.

Cordell H. Martin, Hindman, for appellee.

MOREMEN, Judge.

This is a proceeding under the silicosis section of the Workmen's Compensation Act. Appellee, Leroy Yancey, seeks to recover benefits from his employer, appellant, Carrs Fork Coal Company. Yancey filed application before the board. Carrs Fork moved to dismiss the application on the

ground that the employer and employee had not filed written application with the board under subsection (2) of KRS 342.005, which reads:

"Any employers and employes who are by the provisions of this section excepted from the provisions of this chapter, including employers having less than three employes, may subject themselves thereto by joint, voluntary application to the board, in writing * * * and any employers and their employes may, with respect to the disease of silicosis caused by the inhalation of silica dust, in like manner voluntarily subject themselves thereto as to such disease."

Proof was taken on this one question. Appellee testified that he signed the register accepting the silicosis provision of the act and he was corroborated by two other witnesses who stated they were with him at the time he signed it. Carrs Fork Coal Company introduced its office manager, Mr. Richey, who testified the company had accepted the silicosis provision of the act and had posted notices of that fact at conspicuous places on the company's property and, in answer to a question as to whether Yancey had signed, stated, "not in my presence." He further testified that the records of the company showed no acceptance by appellee. Other witnesses for the company, who were office workers also, testified that they had not seen Yancey sign the register. It was an undisputed fact that no one had literally *filed* a joint application in writing with the board. No one attempted to prove by the board's records that a duly executed instrument of acceptance was a part of the board's records, and the board made no finding on the issue as to whether or not Yancey had ever elected to bring himself under the silicosis provision or whether the employer was estopped to deny that he had. Its finding of fact extended only to the fact that the board had no piece of paper in its office which declared an election had been made by both parties and which had been filed with it. The board made this finding of fact:

"The plaintiff (Yancey) has failed to prove that the employee and the employer *filed* a joint, voluntary application, in writing to the board for permission to operate under the provisions of the act as regards silicosis." (Emphasis ours.)

Its ruling of law was as follows:

"342.005(2) K.R.S.

"Ginn v. Walker, Ky., 273 S.W.2d 840, advance sheet of February 1, 1955, Agricultural worker was not covered by the Act where employee and employer had not filed joint application for permission to operate under the provisions of the Act, notwithstanding employee and employer had entered into compensation agreement and employee had also signed the compensation register."

A petition for review was filed in the circuit court. The court held that the board had made no finding in regard to estoppel. The ruling was based on the undenied fact that no joint written acceptance was on file with the board, and the court indicated that if the board believed the employee's version of what took place, it might well, upon a sound legal basis, find that the employer was estopped. The board had made no finding on that score. The court remanded the case to the board for trial upon the merits.

■ Since agricultural workers and those exposed to the hazards of silicosis are both governed by the provisions of KRS 342.005, we can well understand why the rather terse opinion in Ginn v. Walker, which we will discuss later, may have led the board to believe that the doctrine of estoppel no longer applies to matters pertaining to acceptance of the Workmen's Compensation Act. However, this doctrine is firmly established in compensation law.

In McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687, 688, it was recognized that in order for the Compensation Act to be constitutional, it was first necessary for the employer and employee to accept it volun-

tarily—but in this same opinion, it was pointed out that:

"The only exception to the requirement that the provisions of the Compensation Act must be accepted in writing by the employee in order to give the Compensation Board jurisdiction is where the employee, under the belief that he is under the act, is led to act to his detriment by his employer. Then the doctrine of estoppel applies, and the employer is estopped to deny that the employee had not signed the compensation register."

In L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426, the employee had signed the compensation register and the employer had filled out the necessary blanks to be filed with the Compensation Board signifying its intention to operate under the act. These papers were left with the agent of the insurance carrier to be filed with the board but the agent failed to file them until after the employee was injured. It was held that the employer was estopped to deny that it was operating under the act.

In Ramey v. Broady, 209 Ky. 279, 272 S.W. 740, which is similar in fact to the L. E. Marks Company case, again the doctrine of estoppel was invoked for the protection of the employee.

In Blue Diamond Coal Company v. Sizemore, 254 Ky. 102, 71 S.W.2d 11, 13, the board's finding that the employee signed a card accepting the Compensation Act was upheld notwithstanding the fact that the card was not produced. It was said:

"The weak quality of the evidence tending to support the Board's finding is recognized. But its very weakness may be attributed to the omission of the company to keep a record more permanent than loose cards, so easily lost accidentally or removed wrongfully. A permanent record in the form of a substantial book is contemplated by the law if it does not actually require it. Sections 4957, 4958, Kentucky Statutes.

The company created the condition which may have prevented the plaintiffs from establishing with certainty their right to the compensation."

While the opinion does not discuss the matter of estoppel, it is plain that the opinion was based on that theory.

In Jones v. Crummies Creek Coal Company, Ky., 264 S.W.2d 294, 297, the court held:

"Appellee insists that appellant was not under the silicosis provisions of the Act on April 12, 1951 when he quit work. The contention is based upon the fact that Form 22–OD, evidencing the election, was not filed with the Workmen's Compensation Board until April 24, 1951. Appellant signed the register on February 28, 1951, and appellee is estopped to take advantage of the fact that the necessary form was not filed with the Board until almost two months later. L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426."

We have great difficulty in reconciling the authority of the foregoing cases with the decision in Ginn v. Walker, Ky., 273 S.W.2d 840. The statement of facts in the opinion is limited and an examination of the original record in this court has disclosed little more. However, the brief filed seems to be directed to the proposition—and we quote from appellant's brief—that:

"The appellee and the decedent both thought that they were operating under the Kentucky Workmen's Compensation Act and the appellee was liable to the insurance company for the premiums on the compensation insurance policy. They both signed all the forms provided them by the insurance agency (Evidence Transcript pp. 37 and 38) which were forwarded by the insurance carrier to the Workmen's Compensation Board and the insurance folks knew they were insuring farm employees."

It seems clear that the parties, through positive action, brought themselves only under subsection (1) of KRS 342.005 which states that the act shall apply to all employers having three or more employees engaged in the same occupation or business and to their employees, and which specifically excepts agriculture, domestic employment, other employment and certain occupational diseases, and made no attempt, however abortive, to comply with subsection (2) of this same KRS 342.005 which gives employers and employees, who are excepted from subsection (1), the right, by voluntary application to the board, to come within the terms of the Compensation Act.

The Ginn case is pitched upon the theory that although the parties belonged to the class excepted from subsection (1), they actually elected to operate under that subsection. The case is authority only for the principle that it takes more than bare intention to satisfy the requirements of subsection (2) concerning the duty of employer and employee to make "joint, voluntary application to the board, in writing" before coverage is invoked. No question of estoppel of employer, because of his actions which misled the employee, is involved.

We have a quite different question here, and have concluded that the case at bar is governed by the cases hereinabove discussed.

█ We recognize that the board did not make a finding on the motion to dismiss Yancey's application on the question of whether or not Yancey did, in fact, sign the register. The board's opinion was based solely on the Ginn case which indicated that neither the employer nor the insurance carrier could be estopped but that the sole question was whether or not the election certificate, under KRS 342.005, was actually filed in the office of the board. So, upon return, the board should first determine the facts as to this matter before proceeding to try the case upon the merits.

Judgment affirmed.