**SHUMAN CO., Appellant,**

v.

**Harold L. MAY et al., Appellees.**

Court of Appeals of Kentucky.

May 8, 1959.

Rehearing Denied Sept. 25, 1959.

Robert L. Milby, Lexington, for appellant.

Doyle B. Inman, Harlan, for appellee.

L. C. Turner, Frankfort, Jo M. Ferguson, Atty. Gen., Earl V. Powell, Asst. Atty. Gen., for appellee, Subsequent Injury Fund.

**WADDILL, Commissioner.**

The Shuman Company appeals from a judgment upholding an award of compensation benefits to appellee, Harold L. May, on his claim against appellant and the Subsequent Injury Fund. Reversal is sought on the grounds that the Workmen's Compensation Board: (1) Erroneously determined that appellant was estopped to deny that the parties were operating under the Workmen's Compensation Act at the time May was injured; (2) erroneously permitted the Medical Panel (KRS 342.-121(1) to submit an incomplete report; and, (3) erroneously apportioned the award.

In October, 1954, appellee, Harold L. May, was employed by appellant as a "sheet metal worker." On May 8, 1955, May sustained an injury to his left eye which arose out of and in the course of his employment with appellant. While May was hammering a nail, it broke, deflected and struck him in the left eye. Medical treatment, including three operations on the eye, failed to save the sight of the injured eye.

Appellant paid May compensation benefits until April 17, 1956, when a controversy arose concerning the extent and duration of May's disability. To determine the dispute, May filed an application for an adjustment of his claim with the Workmen's Compensation Board. May sought compensation against appellant for the loss of the sight of his left eye pursuant to KRS 342.105(20). He also sought compensation against the Subsequent Injury Fund (KRS 342.120) for total disability as provided for by KRS 342.095, claiming that the sight in his right eye was substantially impaired by a congenital condition, and the combination of the injury to his left eye and the pre-existing condition of his right eye had resulted in destroying the vision of both eyes.

Following the hearing of the case, the Board found that May's pre-injury vision had been impaired by a congenital condition and that the injury May sustained on May 8, 1955, had not only destroyed the vision in his left eye, but the total effect of the injury and the congenital condition was total disability.

The Board awarded May compensation for total disability and apportioned the award under KRS 342.120 as follows: Appellant was ordered to pay May compensation at the rate of $24 a week for 100 weeks for the loss of vision of the left eye (KRS 342.105(20), and the Subsequent Injury Fund was directed to pay May compensation at the rate of $27 a week for 520 weeks for total disability (KRS 342.095), this portion of the award to be credited by the award against appellant.

■ From May 8, 1955, to November 5, 1956, appellant led May to believe that it was operating under the provisions of the Workmen's Compensation Act. This finding of the Board is substantiated by the course of conduct pursued by the appellant. The accident sustained by May was reported by appellant to the Board as prescribed by the Compensation Act. Appellant paid May compensation at the rate of

$27 a week for 36 weeks and his medical expenses amounting to $1,297.16, in accordance with the Compensation Act. When the dispute arose concerning the extent and duration of May's disability, appellant and May signed a stipulation, which was filed with the Board, wherein it was stated that prior to and on the date of the accident both parties had elected to and were operating under the provisions of the Workmen's Compensation Act. On November 5, 1956, after much proof had been taken by depositions concerning the extent and duration of May's disability, appellant filed a motion to withdraw the stipulation, averring that it had not elected to operate under the Workmen's Compensation Act. After appellant had established the fact that it had not elected to operate under the Compensation Act, the Board sustained the motion to withdraw the stipulation. However, the Board decided that appellant was estopped to deny that it was operating under the Act, and proceeded to adjudicate the claim.

■ Appellant concedes that liability for Workmen's Compensation may be based on estoppel. Carrs Fork Coal Co. v. Yancey, Ky., 297 S.W.2d 914; Smith Coal Co. v. Feltner, Ky., 260 S.W.2d 398, and cases cited therein. However, appellant insists that the facts do not justify the application of the doctrine of estoppel.

■ We think the essential elements creating an estoppel against the appellant were plainly established. Hence, the Board correctly applied the doctrine, and the argument to the contrary is without merit. McClary v. McClary, 274 Ky. 299, 118 S.W.2d 687, 688; L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426; Ramey v. Broady, 209 Ky. 279, 272 S.W. 740.

■ Appellant urges that the judgment of the circuit court is erroneous in approving the award because the Board permitted the medical panel to file an inconclusive report of May's pre-injury disability. Although the medical panel failed to fix the per cent of pre-existing disability, its report contained these findings:

" * * * Visual acuity of the right eye is 20/400, correctible to 20/200 with a minus 25.00 sphere. There is light perception only in the left eye and the field of vision by perimetry is slightly contracted. The poor vision of the right eye is due to an inferior temporal dislocation of the crystalline lens. The poor vision of the left eye is the result of extensive scar tissue along the nasal limbus, iris tissue pulled over nasally and incarcerated in this wound, and a membrane in the pupillary plane occluding the small area of available pupil nasally. There is a left exotropia of 45°. The fundus is not visible.

"The diagnosis is: (1) Marfan's syndrome with lens dislocation, a condition existing prior to injury; (2) scar of perforating wound of the globe, left eye.

"There is now 100% visual disability. The per cent of disability existing prior to the injury should be determined by a consultation with the physician who examined him previously. A complete neurological examination was normal."

Under these circumstances the Board was authorized to accept the medical panel's findings concerning May's present disability, but the Board should consider other evidence in determining the extent of the pre-existing disability. Combs v. Gaffney, Ky., 282 S.W.2d 817; Mary Helen Coal Corp. v. Anderson, Ky., 262 S.W.2d 841.

■ Appellant further contends that the Board did not properly apportion the award. In considering this contention we are concerned only with the award against the appellant. The uncontradicted evidence shows that May had a congenital condition which had impaired the sight of his eyes. Prior to May's employment with the appel-

lant, the medical proof established that May's visual acuity in his right eye was 20/400 and that his visual acuity in his left eye was between 20/200 and 20/400. Therefore, the vision of May's left eye was permanently partially impaired prior to the accident in question. Notwithstanding this evidence, the Board awarded May compensation against appellant for total loss of the sight of his left eye. It was the Board's conclusion that May had sufficient sight to enable him to perform the duties ass'gned to him by the appe'lant. Apparently, the Board was of the opinion that May's defective pre-injury vision had not been disabling in the compensable sense. It is difficult for us to understand how the Board could arrive at this conclusion in view of the fact that when the Board apportioned the award, under KRS 342.120, the Board specifically found that May was permanently partially disabled by reason of the defective vision of his right eye.

Under the evidence, the Board should have fixed the per cent of visual disability which May had sustained in each of his eyes prior to the accident of May 8, 1955. KRS 342.110. Appellant's liability should then be determined by subtracting the compensation reasonably allowable for the pre-existing disability of May's left eye from the amount of compensation prescribed by KRS 342.105(20) for the entire loss of vision of an eye. This computation, in our opinion, is in accordance with the apportionment requirements of KRS 342.110 and 342.120. Parrott v. S. A. Healy Co., Ky., 290 S.W.2d 798; American Rolling Mill Co. v. Stevens, 290 Ky. 16, 160 S.W.2d 355, 145 A.L.R. 1256; Avery & Sons v. Carter, 205 Ky. 548, 266 S.W. 50; Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S.W. 318.

Inasmuch as the statutory representative of the Subsequent Injury Fund has neither prosecuted an appeal nor a cross-appeal from the judgment, we cannot consider the "request" of the Attorney General "to remand the case to the circuit court

with instructions that the award be equally apportioned between the appellant and the Subsequent Injury Fund."

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board to apportion the award against appellant in accordance with this opinion.