**BOB WHITE PACKING COMPANY et al., Appellants,**

v.

**Bob HARDY, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

Rehearing Denied Dec. 16, 1960.

Joe B. Orr, Bell, Orr & Reynolds, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

BIRD, Chief Justice.

The employer, Bob White Packing Company, and its insurer, Hartford Accident and Indemnity Company, appeal from a judgment affirming an award of the Workmen's Compensation Board.

Bob Hardy, Jr., an employee of the packing company, was injured while mowing hay on a farm owned and operated by the owners of the packing company. The farm was not operated exclusively in furtherance of the packing business but some of the cattle purchased by the company were kept on the farm until slaughtering time. These cattle were fed on the farm. The employee was sent to the farm and directed to mow hay for the purpose of feeding these cattle and others penned at the packing plant. Hay was raised on the farm for this purpose.

This was a common practice in the conduct of the packing business. The tractor and mowing machine belonged to the packing company. The employee was on the payroll of the packing company and there is no testimony that he was on the farm payroll or that he was doing anything in furtherance of the farm business at the time he was injured.

The packing company was indemnified by the insurance company against loss arising from injuries to its employees. The insurance policy covered "Packing house—All operations (no payroll division) code number 2089."

The Workmen's Compensation Board found as a matter of fact that growing hay for the purpose of feeding these cattle was an integral part of the packing house operation and that mowing hay was in furtherance of the business of the packing company. This finding was supported by competent evidence of probative value and the courts will therefore not disturb it.

Abbott v. Grissom-Rakestraw Lumber Company, Ky., 279 S.W.2d 227.

Appellants do not quarrel particularly with the finding of fact. They simply contend that, regardless of its connection with the packing plant operation, mowing of hay is an agricultural activity specifically excluded from coverage by KRS 342.005(1) of the Workmen's Compensation Act. The employee claims no coverage as a farm hand.

Appellants undertake to support their position with Smith v. Supreme Feed Mills, Ky., 291 S.W.2d 830. Unlike the present case the Board in that case did not find as a matter of fact that the employee's work was being done at the time of the injury in furtherance of a business covered by both the act and the insurance policy. It was found in that case that the farm work being done at the time of the injury was not in furtherance of the covered business. Also cited on behalf of the insurance carrier is Old Republic Insurance Company v. Begley, Ky., 314 S.W.2d 552. In that case it was found as a matter of fact that the work being done was not in futherance of a business covered either by the act or the insurance policy.

Our problem is to determine the status of an employee who is injured while performing a service normally agricultural but actually performed in furtherance of a business covered by the act and the policy of insurance.

We find no decision of this Court directly on the point. We therefore look to other jurisdictions having substantially the same statutory exclusions as to agriculture.

■ The Supreme Court of Nebraska in Oliver v. Ernst, 148 Neb. 465, 27 N.W.2d 622, 623, said as follows:

"In discussing this statute in Guse v. Wessels, 132 Neb. 41, 270 N.W. 665, we approved the following from the case of Peterson v. Farmers' State Bank, 180 Minn. 40, 230 N.W. 124: 'A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. * * *'

"The Minnesota court went on to say: 'Inasmuch as farm laborers are not subject to the Compensation Law and most others are, two men, for example a farm laborer and the expert mechanic employed by the implement dealer, may be engaged on the same task and be injured, both of them, by the same accident, and yet only one be entitled to workmen's compensation. Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer.' "

■ Let us look now to another packing house-farmer case. In the case of Free v. McEver, 79 Ga.App. 831, 54 S.E.2d 372, 374, we find the following language:

"1. It is contended by counsel for the employer and the insurance carrier that the employee is a farm laborer and that therefore the Workmen's Compensation Law does not apply to him as provided in section 114–107 of the Code. In determining this question the words of the statute must be construed reasonably and liberally with the view of applying the beneficient [sic] provisions of the statute so as to effectuate its purposes, and to extend them to every class of workman and employee that can fairly be brought within the provisions of the law. * *

"The undisputed evidence discloses that the employer did not have room at the plant at Talmo for the cattle and hogs used in connection with his business between the times he would procure them and the times that they were slaughtered. During these intervals of time the cattle had to be kept

and cared for, whether on the premises where they were to be slaughtered or elsewhere. The employer, therefore, procured this land which he used exclusively in connection with his meat packing business. While it is true the sowing of grain and the harvesting of grain and hay is agricultural work, that does not necessarily have a direct connection with the meat packing business, however, when such business is operated in the manner that the employer operated his business, the keeping of cattle and hogs and the feeding and caring for them, although [it] may also be agricultural work, is work essential to the meat packing business. The employee was on the pay roll of the employer in connection with its meat packing and the fact that he performed this essential work for the employer on land that had once been a dairy farm and was even at the time of the injury producing grain and hay as the result of other labor of the employee, renders him no less an employee of the employer in connection with his meat packing business than he would have been had he only performed the work essential to the meat packing business at the plant of the employer at Talmo. It follows therefore that construing the law as required, the employee herein is not precluded from its benefits by reason of being a farm laborer."

■ It is our conclusion that the law as quoted from the Nebraska and Georgia cases should be adopted here for the purpose of determining whether employment is or is not agricultural within the meaning of KRS 342.005(1). We consider this position consistent with this Court's reasoning in the case of Kentucky Unemployment Insurance Commission v. Potts, Ky., 290 S. W.2d 38.

At this point we deem it advisable to note that Ginn v. Walker, Ky., 273 S.W.2d 840, does not present our problem. In that case the work was performed solely in further-

ance of agriculture with no other business classification involved. Its broad language does not apply in this case.

It is our opinion that the trial court properly affirmed the Workmen's Compensation Board in its decision and award. The judgment is therefore affirmed.