Jimmy B. JONES, Appellant,

v.

J. B. MASSEY and Ed Gregory, dba, etc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1968.

Neville Smith, Manchester, for appellant.

John M. Lyttle, Manchester, for appellees.

WADDILL, Commissioner.

This appeal is from a judgment upholding an order of the Workmen's Compensation Board dismissing appellant's claim on the ground that the Board had "no jurisdiction." This conclusion was reached by the Board after evidence was introduced showing that appellant's employer had not elected to operate under the Workmen's Compensation Act. KRS 342.390. We are reversing because the Board had jurisdiction to determine, and should have determined, the question raised by appellant of whether or not, under the facts, appellant's employer was estopped to deny it was operating under the Act.

Appellant sustained injuries while at work in a coal mine operated by appellee, G. and M. Coal Company, Inc. The stock of this company was allegedly wholly owned by appellees Ed Gregory and J. B. Massey, who were its principal officers.

Appellant testified that, while he was employed by the Phillips Coal Company, appellee Ed Gregory offered him a job at the G. and M. Coal Company and, after Gregory had assured him that the company had purchased "workmen's compensation insurance," that he went to work for G. and M. Coal Company and was subsequently injured while loading coal in its mine. There was no contradiction of this testimony.

Our Workmen's Compensation Act is optional or elective rather than compulsory. The Act not only prescribes the procedure and forms for its acceptance by the employer, KRS 342.390, but it dictates the manner in which the employee should manifest his nonacceptance of the Act, KRS 342.395. However, in the instant case appellant relies on the doctrine of estoppel to escape from the elective requirements of the Act.

Under the facts and circumstances presented in the case, we believe the Board should have decided whether there was merit in the plea of estoppel asserted by the appellant as it is the accepted rule in this state that liability for workmen's compensation may be based on estoppel. Smith Coal Co. et al. v. Feltner et al., Ky., 260 S.W.2d 398; L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S.W.2d 426. Since we are remanding the case so that proper findings may be made by the Board in this respect, the Board may hear additional evidence on this issue.

The judgment is reversed with directions to the Clay Circuit Court to remand the case to the Workmen's Compensation Board for a reconsideration of the case in light of this opinion.

All concur.