SIMMONS *v.* CATHEY-WILLIFORD & JONES Co., INC., et al.

March 15, 1954

No. 39081    57 Adv. S. 33    70 So. 2d 847

*Ruth Campbell,* Yazoo City, for appellant.

*Butler, Snow & O'Mara,* Jackson, for appellees.

GILLESPIE, J.

Wesley Simmons, the appellant, made claim under the Workmen's Compensation Law for benefits for certain injuries. He took the position that he was an employee of Cathey-Williford & Jones, Inc., hereinafter called Cathey. Cathey contended appellant was an employee of Norman Wilson, an independent contractor. On a hearing had before the attorney-referee, the claim was denied. The full commission affirmed the ruling and Simmons appealed and the circuit court affirmed the commission.

The sole question on appeal to this Court is whether Norman Wilson was an independent contractor. We state facts sufficient for an understanding of that question.

Cathey was a lumber manufacturer. It bought timber and had the logs cut and hauled to its Grenada plant. Some of the logs were placed upon railroad property for loading on railroad cars for shipment to Grenada. At some such places, Cathey rented the land where the logs were placed for loading. The loading of such logs was a necessary part of Cathey's operation. Cathey entered into a verbal contract with Norman Wilson to load such logs owned by Cathey and placed on various points on the railroad for shipment to its plant. Wilson was paid $12.50 for each car loaded. Wilson was to furnish the logger's dream used in loading the logs, which machine

was owned by a third party to whom no rent was paid by Wilson. Wilson furnished all operating expense and repairs of the logger's dream. Wilson paid his own labor, consisting of appellant and one other. Wilson had the sole right to hire and discharge appellant and the other laborer, and to hire whom he pleased. He paid such laborers such sums as he saw fit. Wilson and his laborers started and stopped work as Wilson determined. Wilson was told by Reed, Cathey's assistant manager, where logs were to be loaded. Reed ordered the cars for loading and then notified Wilson to load them. Reed went to the loading operation about once a week. Cathey did not, and had no right to, give orders as to the details of the loading operations. Wilson was paid weekly; he cashed his check and paid his laborers weekly. The contract was for no specified time and the parties understood it could be terminated at any time by either party. Reed scaled the logs to be loaded and sometimes Wilson would help him, but Wilson was not paid for this service. Neither Wilson nor his laborers were carried on the payrolls of Cathey. Appellant had been hired by Wilson at $7.00 per day to help in the loading operations, and was injured while so engaged. Wilson also loaded logs for Gooch Lumber Company who was the owner of the logger's dream, the only appliance used in Wilson's operation.

In performing the contract, Wilson operated the logger's dream and appellant and the other laborer placed the hooks on the logs. The machine was then driven by Wilson to the railroad car and the two laborers unhooked the logs. Appellant and the other laborer sometimes had to get into the car to adjust the logs therein.

After careful study of the facts and consideration of the decisions of this Court on the question before us, we are of the opinion that Wilson was an independent contractor. Carr v. Crabtree, et al., 212 Miss. 656, 55 So. 2d 408. Since the Carr case cites the cases binding on

this Court on the issue before us, it would serve no purpose to again examine these authorities. We do, however, refer to Crosby v. Durham, 181 Miss. 559, 179 So. 285, wherein it was held that the right to terminate the contract at the employer's will is not determinative of the relationship, but is a fact for consideration in determining whether one is an employee or an independent contractor.

Appellant relies on the case of Sones v. Southern Lumber Co., 215 Miss. 148, 60 So. 2d 582. In that case the Court summed up the facts as follows: ". . . we find that Gipson had the power to terminate Johnson's contract at will; Gipson furnished the means and appliances for the work; Gipson had control of the premises; Gipson furnished the materials upon which the work was done and received the entire output thereof and Johnson dealt with no other person in respect to the output; Gipson had the right to prescribe and furnish the details of the kind and character of work to be done; Gipson had the right to supervise and inspect the work during the course of the employment and to direct the details of the manner in which the work was to be done." It is apparent that the Sones case is based on an entirely different state of facts and has no application here.

Affirmed.

*McGehee, C. J.,* and *Roberds, Hall* and *Lee, JJ.,* concur.