E. L. BRUCE Co., et al. *v.* HAMPTON, et al.

No. 39770          November 7, 1955          83 So. 2d 101

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellants.

*L. P. Spinks, Jr.,* DeKalb, for appellees.

ETHRIDGE, J.

This is a death claim under the Mississippi Workmen's Compensation Act, and involves the question of whether appellant E. L. Bruce Company was the employer of the deceased, John Henry Hampton. ■■■ We think that there was no employer-employee relationship, so the case is reversed and judgment rendered for appellants.

A brief statement of the ultimate facts follows. Hampton was hired by Willie Adcock and was killed on January 4, 1952, in an accident which arose out of and in the course of his employment. He was working at Adcock's sawmill, and was caught in the machinery and killed while attempting to replace a belt on a pulley. E. L. Bruce Company purchased a tract of timber on two sections of land in Kemper County. The timber which was to be cut was marked with paint. On January 2, 1952, the Company entered into a written contract with J. D. Massey. Under it Massey agreed to cut the timber, manufacture it into lumber, and deliver the lumber to the Company's plant in Columbus, Mississippi. Massey was to be paid $30 per thousand feet, as the lumber was delivered. Massey was to furnish the machinery, mill, trucks and equipment. The contract provided that he should use such methods and means of manufacturing and conveying the lumber as he should deem proper, and that all machinery and equipment should be in his exclusive charge and control, and not subject to the control or supervision of the Company except as to the result of the work. Massey was to employ such persons to assist him in carrying out the contract as he thought proper, and any such persons so "employed by him shall be under his exclusive charge and control and shall not be subject to the control or supervision" of the Company. The Company reserved the right to "inspect the scene of operation from time to time for the sole purpose of determining whether or not this contract is

being carried out according to its terms and to ascertain whether the results contemplated herein are being attained''. Massey agreed that ''in the performance of this contract (he) shall fully comply with'' the Fair Labor Standards Act.

Massey then entered into an oral contract with Willie Adcock, by which Adcock was to perform the duties of Massey's contract with the Company for $28 per thousand. This gave Massey a net profit of $2 per thousand. The Company knew that Massey had entered into this contract with Adcock. However, without the knowledge of either Massey or the Company, Adcock entered into an alleged oral contract with his son Willie Paul Adcock, by which the latter would haul logs from the woods to the site of Adcock's mill for $8 per thousand, and was to furnish his own employees and tools. There were four men in the employ of Willie Paul. Without Massey's or the Company's knowledge Adcock also entered into an alleged oral contract with Charlie Barber, by which Barber agreed to fell the timber and cut it into logs for $4 per thousand, and by which Barber was to furnish his own employees, tools and equipment. Four men worked for Barber. Adcock used his own employees and his own mill in cutting the logs into lumber, and he delivered the lumber to the Company's plant in Columbus with his own trucks. Adcock had six men working for him at the mill, including Hampton. Adcock, his son Willie Paul, and Barber did not carry any workmen's compensation insurance.

From time to time, but without any degree of regularity, one or two representatives of the Company, Witt and Ludlow, would visit the tract to see if the work was being properly done in accordance with the Company's contract with Massey. They would walk through the woods to see if only the marked trees were being cut, and would check the lumber being manufactured at the Adcock mill. Although there was some slight evidence to the contrary, the great weight of the evidence shows

that the Company did not have the right to, and in fact did not, exercise any control over the men working in this timber cutting and manufacturing operation. None of the employees of Willie Adcock or of his two so-called subcontractors were on the Company's payroll. The entire cutting and manufacturing operation was carried on under the orders and directions of Willie Adcock. The deceased employee, Hampton, was not an employee of E. L. Bruce Company, and was not on its payroll or subject to its control or orders. The attorney-referee and the Commission held that Hampton was not an employee of E. L. Bruce Company; that Massey was not a qualified employer under the compensation act, and the relationship of employer and employee did not exist between deceased and Massey; and that Willie Adcock was an independent contractor who did not have in his employ as many as eight men and was not subject to the Act.

Hampton's wife and dependent child, appellees here, appealed to the Circuit Court of Kemper County. That court reversed the order of the commission and the attorney-referee, but its judgment made no reference to Massey or Adcock. It held that the Company had reserved the right to control the operation and that in fact the Company was the employer of Hampton; that therefore the claimants were entitled to benefits under the Act against the Company and its insurance carrier, American Employers Insurance Company. From that judgment E. L. Bruce Company and its carrier appealed. They are the only appellants. Hampton's widow and dependent child took no appeal from that judgment of the circuit court, as to the omission of any decision as to Massey and Adcock. So the only question we have before us on this appeal is whether or not E. L. Bruce Company was the employer of Hampton. The overwhelming weight of the evidence shows that it was not.

The Company made a contract with Massey, by which he was to cut the timber and manufacture and deliver

the lumber. It had the right to periodically inspect the premises to see if only the marked timber was being cut according to specifications. Cobb v. Vicksburg Hardware Co., 218 Miss. 829, 837-838, 68 So. 2d 98 (1953). Massey had the contractual obligation to perform these tasks. There is no evidence to show that the Company had or exercised such control over Massey or Adcock as would indicate it was an employer of the mill hands. The Company did not furnish any of the machinery and equipment to be used in the job, did not advance any money to assist in financing the operation, and paid for the lumber as delivered in accordance with its contract. Massey and his subcontractor Adcock furnished their own sawmill, trucks and equipment, employed their own helpers, paid them their wages and directed the manner of their work. Massey and Adcock were engaged in a separate business and held themselves out to the public as performing an independent service. They contracted for a definite completed job. Massey's contract with the Company called for a fixed price, and he had the responsibility of carrying out the contract. It would serve no purpose to review the numerous decisions of this Court dealing with substantially similar factual situations, but the cases hereinafter cited and the great weight of the evidence in this case make it an inescapable conclusion that Hampton was not appellants' employee. Kughn v. Rex Drilling Co., 217 Miss. 434, 64 So. 2d 582 (1953); Carr v. Crabtree, 212 Miss. 656, 55 So. 2d 408 (1951); Cobb v. Vicksburg Hardware Co., supra; Tranum v. Mitchell Engineering Co., 78 So. 2d 111 (Miss. 1955); Simmons v. Cathey-Williford-Jones Co., 70 So. 2d 847 (Miss. 1954); Bardwell's Estate v. Perry Lumber Co., 77 So. 2d 708 (Miss. 1955); Stovall v. A. Deweese Lbr. Co., 77 So. 2d 291 (Miss. 1955).

The judgment of the circuit court, as previously stated, was silent concerning Massey and Adcock. We do not consider or reach any decision as to them, since these parties are not before us on this appeal by the present

appellants. However, this decision is without prejudice to any rights which appellees might have of applying to the circuit court for relief under the Act, if any is available, as to Massey and Adcock.

Reversed and judgment rendered for appellants.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie,* JJ., Concur.