DURHAM, et al. *v.* DEEMER LUMBER COMPANY, et al.

No. 40069 April 2, 1956 86 So. 2d 343

462

*Clayton Lewis, Sanford & Alford,* Philadelphia, for appellants.

*Vardaman S. Dunn,* Jackson, for appellees.

464

ETHRIDGE, J.

Appellants are the widow and other dependents of a deceased workman, Jessie Durham. He was killed in an accident while working for Harold Willis at a sawmill in Neshoba County on December 16, 1953. Willis had been renting a portable sawmill from Odie Commer for several weeks prior to the accident. He had eight or more men working for him at the sawmill at the time of the accident, but apparently he carried no workmen's compensation insurance. The tract of timber which was being cut had been purchased by Willis, and appellee Deemer Lumber Company, a partnership consisting of W. D. Myers and wife, had no connection with the purchase. In addition to renting the sawmill, Willis contracted with Fortenberry, the owner of a truck, to haul the processed timber to the lot of Deemer Lumber Company. Willis also contracted with Commer to haul the logs as cut on a truck to the Willis mill. He hired his own crew, fixed and paid their wages, exercised exclusive direction and control over his employees.

The Lumber Company did not know the identity of these employees, or how many were working for Willis, and did not carry them on its payroll. It had nothing to do with the fixing of their wages or their payment. The Lumber Company made no advance of money to Willis and did not finance his operations. Willis had no agreement with the Lumber Company to sell all timber cut from this tract or any other tract to the Lumber Company, and in fact part of it was sold elsewhere. Willis sold the timber to whomever he pleased, and the Lumber Company had no right to control such sales and made no effort to do so. Willis did not agree to deliver any fixed amount of lumber to Deemer. He received the published, scheduled price for all pine delivered to the yard of Deemer, and the amount, time and method of delivery was in Willis' discretion. Deemer did not carry either Willis or his employees, including Durham, on its payroll. Willis had been delivering and selling timber to Deemer Lumber Company for only a week or so before his employee Durham was killed at his sawmill. In fact, Durham started working for Willis on December 8, only eight days before his death.

Appellants' claim before the commission was based initially on the proposition that Durham was the employee of Deemer Lumber Company. The attorney-referee found that his injury arose out of and in the course of his employment by Willis, and that the relation of employer-employee did not exist between Deemer Lumber Company and Durham; and that the relation between Deemer and Willis was not that of contractor and subcontractor but of vendee and vendor. Hence the attorney-referee denied the claims for compensation. This was affirmed by the commission and the circuit court.

■■ ■ Clearly Durham was not an employee of Deemer Lumber Company, but rather of Harold Willis. Furthermore, the undisputed evidence establishes that

the relation between Willis and Deemer Lumber Company was that of vendor and vendee. This was spelled out in some detail in Nelson v. Slay, 216 Miss. 640, 63 So. 2d 46 (1953). That case is controlling here in determining the nature of the relation between Willis and Deemer Lumber Company.

Appellants do not now contest the findings of the commission that Durham was an employee of Willis and not of Deemer Lumber Company, and that Willis was a vendor selling timber to Deemer. They now base their claim for compensation upon the first paragraph of Code of 1942, Section 6998-40: ''Acceptance of a premium on a policy securing to an employee compensation, either alone or in connection with other insurance, shall estop the carrier so accepting from pleading that the employment of such employee is not covered under the act or that the employment is not carried on for pecuniary gain.''

W. D. Myers, one of the partners in Deemer Lumber Company, testified that Willis and other persons who sold the Lumber Company manufactured lumber were paid a scheduled price of so much per thousand, and that from that price was deducted the state severance tax and the sum of $1 per thousand feet of lumber for workmen's compensation insurance for the protection of the Lumber Company; that this deduction was for the Lumber Company's protection because it was not able to predict the extent of its liability under the Workmen's Compensation Act; that the Lumber Company had this understanding previously with Commer, and this was carried over into the agreement concerning the purchase of timber from Willis, who had leased Commer's sawmill. Myers said that this same deduction was made as to other persons who were manufacturing lumber and selling it to Deemer. He said that it was also for the purpose of covering the employees of subcontractors, if the courts should hold that the Lumber

Company was a statutory employer. The premiums of appellee insurance carrier, Employers Mutual of Wausau, were computed on the basis of Deemer Lumber Company's payroll alone, and Deemer had never reported the employees of Willis as its employees. This same deduction was made by Deemer from purchase prices paid to other persons who sold manufactured lumber to Deemer.

Appellants contend that appellee insurance carrier is estopped to deny that Durham was covered by the compensation act, since it had accepted premium checks from Deemer which included the $1 deduction made by Deemer from the prices paid Willis and other sellers. Myers testified that the premium was based upon Deemer's payroll, and that the insurance company had made no audit at that time of Deemer's payroll. Nevertheless, appellants say that appellees under these facts are estopped by the provisions of Section 6998-40 from asserting that Durham has no coverage under the act.

██ This identical issue was involved in Nelson v. Slay, supra, and was disposed of adversely to appellants' contention. There the purchaser deducted from the seller's price a premium rate of 32c per cord, without reference to payroll or whom the pulpwood was purchased from or who was covered. The buyer testified that he purchased the policy to protect himself and to cover his liabilities under the compensation act. It was held that these facts were not sufficient to change the manifest relation of vendor-vendee to that of employee-employer. Although Code Section 6998-40 was not expressly considered in Nelson v. Slay, it should be noted that this statute provides that acceptance of a premium "securing to an *employee* compensation" estops the carrier from pleading "that the employment of such *employee* is not covered under the act * * *". The compensation act applies only to accidental injury sustained by an employee. There must be a con-

tract of hire. It is undisputed that Durham was the employee of Willis, who sold manufactured lumber to Deemer. The statutory privilege of coverage under the act is necessarily limited by the coverage as defined in the statute.

Moreover, the deduction here, as in Nelson v. Slay, was made without any reference to the amount of the Willis payroll and without reference to the identity or number of persons employed by Willis. Deemer procured the insurance to protect itself from possible liability under the act. Although estimated premiums were paid to the insurance carrier, the final premium was to be determined on the basis of an audit. Deemer did not carry the employees of Willis on its payroll or list them as employees. So the insurance carrier did not knowingly accept a premium for coverage of Willis and his employees; it only accepted the premium in consideration of insurance issued to and for the protection of Deemer Lumber Company. We do not think that Code 6998-40 applies except in those instances where a relation of employment exists. Employment is the basis of the Workmen's Compensation Act, and a prerequisite to coverage under it. Nelson v. Slay is determinative of the principal issue raised by appellants. The deduction of a fixed sum for each thousand feet sold by a vendor to a vendee for the purpose of purchasing compensation insurance for the protection of the vendee does not estop the vendee and its insurance carrier from asserting that the vendor's employees are not the vendee's employees.

With somewhat different facts, Estate of Bardwell v. Perry Timber Company, 77 So. 2d 708 (Miss. 1955), cited and followed Nelson v. Slay. Dunaway was held to be an independent contractor and not an employee of Perry Timber Company, so Bardwell, working for Dunaway, was not an employee of Perry at the time of his death. No deduction was made from Dunaway's checks

for compensation insurance. However, Perry included the amount of the checks which it gave to Dunaway for timber purchased from him in the computation of the premium on its compensation insurance, but Dunaway and his employees were not carried on the company's books as employees. Although the money paid to Dunaway was included in the computation of insurance premiums, it was held that this fact did not change the relationship of Dunaway to the Timber Company from that of an independent contractor to that of an employee.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.