WINBORN *v.* R. B. TYLER COMPANY, et al.

No. 40453 April 22, 1957 94 So. 2d 340

*Bernard Chill,* Jackson, for appellant.

*Young & Daniel,* Jackson, for appellee.

GILLESPIE, J.

This case involves the question whether the injured employee's departure from this State prior to his injury in Louisiana was caused by a permanent assignment or transfer within the meaning of Sub-section (b) of Section 6998-55, Mississippi Code of 1942, as amended. The attorney-referee, the Workmen's Compensation Commission, and the circuit court, each in turn resolved this question in favor of the employer and its compensation insurance carrier, and denied compensation.

The case was tried on an agreed statement of facts, the substance of which is next stated. The claimant, Percy J. T. Winborn, a minor of the age of 19 years, a resident citizen of Mississippi, and whose guardian prosecutes this claim, was permanently and totally disabled on September 30, 1954, from injuries sustained in an accident that arose out of and in the course of his employment, and which occurred near Tallulah, Louisiana. R. B. Tyler and Company, hereinafter called employer, is a Kentucky corporation and is engaged in general construction work in a number of States when it is successful in obtaining contracts. On June 30, 1954, the employer entered into a contract with the United

States Government for the construction of upper bank paving at various places on the Mississippi River in the States of Mississippi, Arkansas, and Louisiana, and established headquarters for this operation in Tallulah, Louisiana. The employer first proceeded to complete all the work on the Mississippi side of the river and to that end set up a temporary office trailer at Greenville, Mississippi.

On July 19, 1954, claimant and others went to the office trailer of the employer at Greenville and applied for employment and were accepted. Claimant worked on the Mississippi side of the river until all work covered by the contract on the east side of the river was completed on September 5, 1954, after which the personnel, the office trailer, all tools, equipment and facilities of the employer were removed to Tallulah, Louisiana, on September 7, 1954. Work was then begun on the Louisiana side of the river. Claimant's duties consisted of driving a truck and he was so engaged when injured.

No work remained to be done on the Mississippi side of the river after September 5, 1954, and neither the employer nor its employees had any further work scheduled in the State of Mississippi at that time. When working on the Mississippi side of the river all materials and supplies were obtained in Mississippi, and when working on the Louisiana side, all supplies were obtained in Louisiana. The work on the Mississippi side had been approved and accepted.

After the work under said contract was completed in Louisiana, the company returned the tools, equipment and facilities used on the construction project to Kentucky for use on other projects outside the States of Louisiana and Mississippi. Those employees who wanted to continue employment wherever future construction contracts might be had were offered the opportunity to do so. There were no further or other projects in Mississippi or Louisiana where such construction personnel

might be used after the completion of said construction contract.

Workmen's Compensation benefits were provided for the employer in both Louisiana and Mississippi by the Liberty Mutual Insurance Company. After claimant's injury, claimant contended that the Mississippi Workmen's Compensation Act applied, and the employer and its compensation carrier contended the Louisiana Act applied to the injury. The Louisiana act limits medical benefits. to $1,000, while the Mississippi Act has no limit on medical benefits. Without waiting until the question of which act applied to this injury, the Liberty Mutual Insurance Company began paying compensation at the rate of $30 per week and paid out large sums of money, the amount of which is not shown, in arranging for claimant to be flown by ambulance airplane to Boston, Massachussets for treatment by an outstanding neurosurgeon and his staff for as long as the case required. The payment of compensation and the acceptance of medical benefits was made without admission on either party as to whether the Mississippi or the Louisiana Act applies to the injury.

The lower tribunals all held that claimant was transferred for an indefinite time with no expectation that he would be returned to Mississippi under his contract of hire.

Appellant-claimant cites and discusses a number of authorities on the question of when and under what conditions a State has the constitutional power to apply its compensation act. The employer and its insurance carrier do not contend that Mississippi does not have the constitutional power to apply its act to the injury in question. They contend that this State has not applied its act to an injury such as the one here involved. Of the several conflicts problems that might arise, the precise one here involved is: Has Mississippi applied its

act to claimant's injury under the circumstances? See Section 84:30, Larson's Workmen's Compensation Law, Vol. 2.

Subsections (a) and (b) of Section 6998-55 of the Mississippi Code of 1942, as amended, provides:

"Extra-territorial application.—(a) If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state, unless prior to the expiration of such six months' period the employer has filed with the commission of Mississippi notice that he has elected to extend such coverage a greater period of time.

"(b) The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer."

Claimant was hired in Mississippi and worked in this State until the employer's work was completed in this State. If it may be said that claimant was injured "while temporarily employed outside this State," subsection (a), he is entitled to compensation benefits under the Mississippi Act, unless his "departure from this state is caused by a permanent assignment or transfer," subsection (b).

 █ As applied to a contract of employment, the proper definition of the word "temporary" is that which is to last for a limited time only, and the word "permanent" means that which is indefinite in duration. Black's Law Dictionary.

 The crux of the contention of the employer and its compensation carrier is that since claimant had no

expectation of returning to Mississippi in his employment he was permanently assigned or transferred within the meaning of subsection (b). In other words, they contend subsection (b) means that unless the claimant was expected to return to Mississippi in an employment status with the employer after the work in Louisiana was completed, he was permanently transferred or assigned. Claimant was temporarily employed in Louisiana. His employment in that State was for a limited time only— the completion of the contract on that side of the river.

In considering the application of subsection (b) to the problem here involved, the question is not whether the departure from Mississippi was temporary or permanent but whether the assignment or transfer elsewhere was temporary or permanent. In other words, the determinative fact is whether the assignment or transfer elsewhere was permanent, not whether claimant had any reasonable expectation of returning to Mississippi in his employment with the employer. The word "permanent" in subsection (b) modifies assignment or transfer, not departure; therefore, since the job to which claimant was assigned or transferred in Louisiana was temporary in that it was to last only for a limited time, subsection (b) does not apply and claimant is entitled to compensation under the Mississippi Act.

The extra-territorial provision of the Mississippi Workmen's Compensation Act is intended to afford to an employee hired or regularly employed in this State the benefits of the Mississippi Act after he departs from this State on a temporary assignment or transfer elsewhere. This protection is afforded for a period of six months unless the employer elects to extend the coverage for a greater period of time. Under subsection (b), if he departs on a permanent assignment or transfer elsewhere, the employee acquires a permanent employment status outside of this State and must look to

the laws of a State other than Mississippi for compensation benefits.

It conclusively appears from the stipulation of facts that claimant's employment elsewhere after his departure from Mississippi upon the completion of work on the Mississippi side of the river was for a limited time only. It was to last only until the completion of the construction project on the Louisiana side of the Mississippi river. When that job was completed the employer had no further contracts anywhere on which claimant could have worked. It is true that the stipulation states that the employer might have secured some future contract after completion of the Louisiana work and thus have had a job for the claimant had the claimant not been injured. Such possibility that the employer might secure a future contract where claimant's services might be used is too indefinite and speculative to cause claimant's employment for a limited time in Louisiana to be classified as permanent.

Only two states have extra-territorial provisions in their Workmen's Compensation Act like Mississippi's subsection (b) of Section 6998-55, Code of 1942, as amended—Wyoming and New Mexico. No cases are cited from Wyoming and only two from New Mexico, which reports LaRue v. El Paso Natural Gas Company, 57 N. Mex. 93, 254 Pac. 2d 1054, and Franklin v. Livermore, et al, 58 N. Mex. 349, 270 Pac. 2d 983. In the LaRue case the Court assumed that the transfer to Arizona was permanent and allowed compensation because the permanent transfer had not become effective when the injury occurred in Arizona. In the Franklin case, compensation was awarded because, "First, facts show that the claimant never *departed* from New Mexico as a result of his employment in Texas, and, second, the employment in Texas could hardly be classified as a permanent assignment or transfer. *At most, it was just*

*a temporary job."* (Emphasis added). The New Mexico Court, in the two cases reported by it, construing a provision in its compensation act identical with subsection (b) of our Code Section 6998-55, holds that the employee who has been hired or is regularly employed in New Mexico is afforded protection under the New Mexico Act for an injury outside the State unless (1) the employment elsewhere is permanent and (2) there has been a departure from New Mexico so as to render effective the permanent assignment or transfer.

The lower tribunals erroneously applied the statute to the stipulated facts.

Reversed and judgment here for claimant and remanded.

All Justices concur, except *Kyle, J.,* who took no part.