## TAYLOR *v.* BEASLEY, et al.

No. 41230          October 12, 1959          114 So. 2d 775

*Arrington & Arrington, S. E. Allen, Jr.,* Hazlehurst, for appellant.

*Watkins & Eager, Elizabeth Hulen,* Jackson; *John T. Armstrong,* Hazlehurst, for appellees.

LEE, J.

Lawrence Taylor, on January 16, 1956, sustained a broken leg while he and his employer, Burtell Steen, were delivering logs to the millsite of Bascomb Beasley. For his disability, he sought an award of compensation from Beasley. His claim however was successively denied by the attorney-referee, the full commission, and the circuit court; and he has appealed here.

A detailed statement of the evidence is wholly unnecessary. It is sufficient to say that it was overwhelming to the effect that Taylor was Steen's and not Beasley's employee, and that the relationship between Steen and Beasley was that of vendor and vendee.

Since the relationship of employer and employee did not exist between Beasley and Taylor, it is obvious that the award of workmen's compensation benefits against Beasley was properly denied. Nelson v. Slay, 216 Miss. 640, 63 So. 2d 46; Simmons v. Cathey-Williford & Jones Co., 220 Miss. 389, 70 So. 2d 847; Estate of Bardwell v. Perry Timber Co., 222 Miss. 854, 77 So. 2d 708; Durham v. Deemer Lumber Co., 227 Miss. 461, 86 So. 2d 343; Employers Liability Insurance Co. v. Haltom, (Miss.) 108 So. 2d 29.

The judgment of the courts below is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.