DEPENDENTS OF DAWSON v.

DELTA WESTERN EXPLORATION Co., et al.

No. 42484          December 17, 1962          147 So. 2d 485

*Bernard W. N. Chill,* Jackson, for appellants.

*Watkins & Eager,* Jackson, for appellees.

ETHRIDGE, J.

This is a workmen's compensation death claim, which was denied. The Commission's order sustained the motion to dismiss, by defendants, Delta Western Exploration Co., Inc. (called Delta), and its insurance carrier, for want of jurisdiction. The case involves the issue of whether an employer and insurance carrier are estopped to deny coverage of an employee temporarily working out of the state for more than six months, where the employer agreed to continue coverage. The employer failed to give the Commission notice of exten-

sion. We hold they are precluded from asserting this defense.

Jerry Mac Dawson, 22 years of age, was a resident citizen of Scott County, Mississippi. He was married, and left surviving him a widow and two minor children. On June 11, 1959, he and Delta executed in Jackson, Mississippi, an employment contract, by which Delta agreed to employ Dawson for a minimum period of three years "in foreign service", at a stipulated salary, living allowance, and, after termination of the agreement, an additional, stated sum would be paid for each month of foreign service. Delta agreed to provide transportation to the place of foreign service for Dawson and his family, and to furnish them with return transportation to Mississippi.

The contract stated: "This is a Mississippi contract; has been executed in Mississippi and shall be interpreted and construed under the laws of Mississippi regardless of where the work shall be performed." Paragraph VII further provided:

"In the event Employee shall suffer injury arising out of and in the course of employment hereunder, irrespective of negligence on the part of either Delta or Employee, Delta shall voluntarily pay, or cause to be paid by its insurance carrier, to Employee or his dependents compensation as determined and measured by the Standards of the Mississippi Workmen's Compensation Law. Employee, for himself, his heirs and representatives agrees that such compensation shall be in lieu of any other liability of Delta. Delta is hereby subrogated up to the amount of compensation paid, to any right of action or damages which Employee or his representative may have or recover in the future against or from any third party liable for any injury in consequence of which Delta has paid compensation, or caused compensation to be paid by its insurance carrier."

On the day he executed this contract, June 11, 1959, Dawson departed from Jackson, Mississippi, for Bolivia. At no time did he contemplate or move his domicile there. Delta carried a valid and subsisting workmen's compensation insurance policy covering its employees in foreign service, about which further reference will be made.

Dawson was working with a seismograph crew ninety kilometers east of Santa Cruz, Bolivia. He was required to carry sidearms on the job. A pistol in his possession discharged a bullet which passed through his abdomen, resulting in his death. He received the wound on December 12 and died December 17, 1959.

Section 49 of the Mississippi Workmen's Compensation Act deals with its "extra-territorial application". Miss. Code 1942, Rec., Sec. 6998-55. It provides: "(a) If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this state, he or his dependents in case of his death shall be entitled to compensation according to the law of this state. This provision shall apply only to those injuries received by the employee within six months after leaving this state, unless prior to the expiration of such six months' period the employer has filed with the commission of Mississippi notice that he has elected to extend such coverage a greater period of time.

"(b) The provisions of this section shall not apply to an employee whose departure from this state is caused by a permanent assignment or transfer."

After Dawson's widow and children filed their claim for workmen's compensation benefits, defendants moved to dismiss it for lack of jurisdiction. Scott Builders, Inc. v. Dependents of Layton, 145 So. 2d 165 (Miss. 1962). They asserted that his injury and death occurred more than six months after he left Mississippi; Delta

had not filed with the Commission a notice of election to extend such coverage past six months, as required by Section 49, and the claim should be dismissed. The Commission sustained that motion, because Delta had not taken that affirmative action. Its order was affirmed by the circuit court.

## I.

Dawson was employed on June 11, and received his fatal injuries on December 12, 1959. Computation of a period of months refers to calendar months. Williams Bros., et al. v. Bank of Blue Mountain, 132 Miss. 178, 95 So. 843 (1923); Paine Plumbing & Supply Co. v. McMurtray's Estate, 203 Miss. 334, 34 So. 2d 676 (1948). Hence the six months period of Sec. 49 ended on December 10, two days before Dawson was injured.

Appellees argue that jurisdiction cannot be conferred upon or extended for the Mississippi Workmen's Compensation Commission by agreement of the parties or by estoppel; that its jurisdiction stems entirely from the statute; and since the six months period expired before Dawson was injured, and the employer had not filed with the Commission a notice of election to extend coverage for a longer period of time, the Commission has no jurisdiction of the claim.

This argument as to lack of jurisdiction does not answer the issues here. Section 49 cannot be considered *in vacuo,* by disregarding the general legislative purpose of the Workmen's Compensation Act and the present facts. Mississippi has a substantial relationship to this claim. Dawson was a resident citizen of the State, as are his widow and two minor children. The contract was executed in Mississippi, at the home office of Delta, the employer. Dawson's departure from the state under this employment contract was not "caused by a permanent assignment or transfer". Sec. 49(b). His assignment or transfer was temporary. He had no intention

of changing his residence. The employment contract provided that, after a specified maximum time, the employer should furnish return transportation for the employee to Mississippi. Winborn v. R. B. Tyler Co., 231 Miss. 166, 94 So. 2d 340 (1957).

This state has a legitimate interest in the imposing of a rule of compensation liability where the injured employee is a resident citizen of Mississippi, employed under a contract executed in Mississippi, to perform services out of the state for a temporary, stated period of time. Alaska Packers Assn. v. Industrial Accident Comm., 294 U. S. 532, 55 S. Ct. 518, 79 L. Ed. 1044 (1934); The Harrison Co. v. Norton, 146 So. 2d 327 (Miss. 1962); Mandle v. Kelly, 229 Miss. 327, 90 So. 2d 645 (1956). Dawson was within this classification. He and his dependent widow and minor children were protected expressly by Sec. 49 for six months after he left the State.

Section 49 does not say that jurisdiction of the Mississippi Commission shall terminate after six months. It says coverage may be extended for a greater period of time if the employer, before the six months has expired, files with the Commission notice of an election to extend it. Delta did not give that notice. Yet in Paragraph VII of its employment contract, it agreed that Dawson would be covered under the act, either by Delta as a self-insurer or by workmen's compensation insurance purchased by Delta. It purchased such insurance. It knew that Dawson would be overseas, in Bolivia, for three years. The essence of the employer's agreement was that it would protect Dawson and his dependents under the Mississippi Workmen's Compensation Act for the period of the employment.

██ ■ Despite its contract, upon which Dawson undoubtedly relied, Delta wants to disclaim this responsibility. This is contrary to every acceptable, legal and ethical standard. Delta is estopped from denying liability to Dawson's dependents under the Mississippi

act. ▮▮▮ A party to a contract cannot take advantage of his own act or omission to escape liability on it. 5 Williston, Contracts (3d Ed. 1961), Sec. 677; 17 C. J. S., Contracts, Sec. 468. This is not a *de novo* creation of jurisdiction in the Mississippi Commission. The Commission had jurisdiction over any claim by Dawson as a Mississippi employee. The Mississippi Act applied to him and his dependents, up to six months after departure from this state.

The same factual relationships between employer and employee continued to exist after that period. Dawson was still working under a Mississippi contract while temporarily outside the state. Neither the Commission nor Dawson were required to do anything to extend the period of application. That was the sole responsibility of Delta, which, by necessary inference, it had agreed it would discharge. This local contract for compensation coverage for three years during temporary absence from the state requires the inference that Delta agreed to give the Commission the required notice of election to extend coverage for that period. No factual relationships between the employer and employee were changed. Delta simply failed to perform the ministerial duty of giving to the Commission the notice. Since Delta agreed to do this, as we construe the contract, it cannot now be heard to assert that this was not done, and thereby relieve itself of responsibility under the act.

## II.

Since jurisdiction and application of the act already existed, Delta's failure to comply with its contract to continue and extend the period of coverage presents a stronger case for estoppel than a related line of authorities also applying estoppel. They pertain to the estoppel of an employer and insurance carrier to assert the employer did not elect to come under a voluntary compensation act. They establish the rule that under a

voluntary act an employer may be estopped to assert that he did not elect to operate under the act, although no notice of election was filed with the board. 99 C. J. S., Workmen's Compensation, Sec. 122, p. 429.

A leading case is L. E. Marks Co. v. Moore, 251 Ky. 63, 64 S. W. 2d 426 (1933). See also ibid., 251 Ky. 66, 64 S. W. 2d 427 (1933). The employer signed the necessary papers to be filed with the compensation board, electing to come under the Kentucky Act. He requested his insurance agent to secure the insurance. The employer signed a register of employees electing to come under the act. The employer's notice of election, however, was never filed with the Commission. Insurance was not obtained until after the employee was injured. Although stating the employer had not elected to operate under the act, the court held that he and the insurance carrier were estopped to deny coverage. The estoppel was based ''on the procurement by the employer of the employee to sign the compensation register; the employee believing at the time he so signed that he was thereby protected if any accident arose to him.'' This was a representation to him that the employer was operating under the act.

Ramey v. Broady, 209 Ky. 279, 272 S. W. 740 (1925), applied estoppel to deny election to come under the act to both the employer and insurance carrier, where the latter's agent had agreed to file with the compensation board a notice of election, but failed to do so. See also Jones v. Crummies Creek Coal Co., 264 S. W. 2d 294, 297 (Ky. 1954). Smith Coal Co. v. Feltner, 260 S. W. 2d 398 (Ky. 1953), applied estoppel both to the employer and insurance carrier, where notice of election to operate under the act was not filed with the board, employees were advised they were covered by the act, and would not have accepted employment without being so assured. Carrs Fork Coal Co. v. Yancy, 297 S. W. 2d 914 (Ky.

1956), reviews and reaffirms the earlier Kentucky decisions on this doctrine of estoppel.

Herndon v. Slayton, 83 So. 2d 726 (Ala. 1955), estopped an employer and carrier from denying an election to accept the Alabama Compensation Act, where the employer purchased insurance and paid premiums based upon payroll figures including wages of the deceased employee. The estoppel was based upon the oral representation to the employee that the contractor had coverage, and the employee began work in reliance upon that assertion. The court followed L. E. Marks Co. v. Moore, *supra*. Cf. Ham v. Mullins Lumber Co., 193 S. C. 66, 7 S. E. 2d 712 (1940).

Travelers' Insurance Co. v. Dudley, 180 Tenn. 191, 173 S. W. 2d 142 (1943), applied estoppel to a municipality and carrier. The city purchased workmen's compensation insurance, although it had not filed a formal notice of election to come under the Tennessee Act. Payment of previous small claims to the employee by the carrier lead him to believe that he was protected, and estopped the insurer and employer from asserting the contrary. See also Anno., 103 A. L. R. 1523, 1525 (1936).

In Garrison v. Bonfield, 57 N. M. 533, 260 P. 2d 718 (1953), the employer failed to file notice of election to be bound by the New Mexico Act. He had informed the employee that he would buy workmen's compensation insurance, and did so. Remanding the case for findings of fact, the court held that, if the stated facts existed, both the employer and carrier would be estopped from pleading failure to file a formal notice of election.

Kutt v. Beaumont Birch Co., 177 Pa. Super. 352, 110 A. 2d 816 (1955), cited by appellees, is not in point. The court held that an employee injured in New Jersey was not a Pennsylvania employee within the meaning of the particular terms of the Pennsylvania statute. He was not temporarily absent from the state, but was an out-of-state employee. Hence the court declined to ap-

ply estoppel. It did not refer to the other authorities cited above. Nor does Eaton v. Joe N. Miles and Sons, 238 Miss. 605, 119 So. 2d 359 (1960), affect our conclusion. The farming operations there involved were specifically exempted by the act, with the exemptionist having a right to elect to waive the exemption. Miss. Code 1942, Rec., Sec. 6998-03. It was held the employer had not waived it, and had not affirmatively elected to come under the statute. In the instant case, Dawson was covered by the Mississippi Act from the moment of employment.

In summary, we hold that Delta is estopped to plead the breach of its contract with Dawson to avoid liability because of its failure to give notice of election to extend coverage past six months. Even if Delta had not obtained insurance, it would still be liable to claimant under the act. Miss. Code 1942, Rec., Secs. 6998-04, 6998-05; Riddell v. Cagle's Estate, 227 Miss. 305, 85 So. 2d 926 (1956).

However, we also hold that appellee insurance carrier is estopped to deny its liability for workmen's compensation benefits to appellants. Two reasons support this conclusion. First, it was stipulated that American Foreign Insurance Association, appellee, under a treaty of reinsurance, is in the position "of having the ultimate liability of this claim". Its representative wrote a Mississippi Workmen's Compensation Law insurance policy covering Delta's employees in Bolivia, Turkey, and elsewhere. Delta paid the premium on that policy, and it was in effect at the time Dawson was killed. Delta operates in a number of foreign countries, and riders to the policy refer to several of them, including Bolivia. The "foreign workmen compensation endorsement", under "Employees Covered", stated this insurance should attach from the moment an employee is hired to work at locations in the named foreign countries, and should cease from the moment his employment is termi-

nated. If hired in the United States, coverage continued after termination of employment until returned to the United States, unless termination of employment was due to resignation.

An examination of this policy reflects that the insurer was well aware of the nature of Delta's foreign operations, and it agreed the policy should cover employees in Bolivia and coverage should continue from the time of employment until return to the United States, with certain exceptions. The insurance policy itself reflects ample knowledge on the part of the carrier of Delta's methods and areas of operation. Under these facts and the line of authorities discussed above, the insurer, as well as Delta, is estopped from pleading Delta's failure to give notice of election to extend coverage past six months. Moreover, even if the insurer's knowledge were not of this nature, its relief would probably be confined to whatever remedies it might have against the insured employer. See 2 Larson, Workmen's Compensation Law (1961), Sec. 94.10.

Second, the insurance company is estopped also under the provisions of Miss. Code 1942, Rec., Sec. 6998-40: "Acceptance of a premium on a policy securing to an employee compensation, either alone or in connection with other insurance, shall estop the carrier so accepting from pleading that the employment of such employee is not covered under the act or that the employment is not carried on for pecuniary gain."

This statute applies where a relation of employment exists. Durham v. Deemer Lumber Co., 227 Miss. 461, 469, 86 So. 2d 343 (1956). Dawson was an employee of Delta under a contract executed in Mississippi, for temporary services outside the state. Estoppel has been applied under the statute to an insurance carrier. M. E. Badon Refrigeration Co., Inc. v. Badon, 231 Miss. 113, 95 So. 2d 114 (1957). But estoppel does not exist under it where there was never any jurisdiction of a maritime

employee, expressly excepted from the Mississippi Act. Valley Towing Co. v. Allen, 236 Miss. 51, 109 So. 2d 538 (1959). Appellee insurance carrier falls squarely within the provisions of Sec. 6998-40. It accepted the premium on a policy securing compensation to Delta's employees. So it is estopped from asserting that Dawson's employment was not covered by the act.

The judgment of the circuit court, affirming the Commission, dismissing this claim for want of jurisdiction, is reversed; judgment is rendered here, overruling the defendants' motion to dismiss, and adjudicating jurisdiction in the Commission; and the cause is remanded to the Commission for further proceedings.

Reversed, judgment rendered here, and cause remanded to Workmen's Compensation Commission.

*McGehee, C. J., and Lee, Kyle and Rodgers, JJ.,* concur.

## ON SUGGESTION OF ERROR

RODGERS, J.

The Suggestion of Error filed by appellees in this cause points out that the sentence, "He was required to carry side arms on the job", in our opinion, was not a part of the stipulated facts and should not be construed by this Court as a fact.

We therefore modify our original opinion so as to strike the foregoing sentence from Paragraph Six.

Suggestion of Error sustained and opinion modified.

*McGehee, C. J., and Lee, Kyle and Ethridge, JJ.,* concur.