# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CC-00605-SCT

*PETER NOEL INMAN*

*v.*

*COCA-COLA/DR. PEPPER BOTTLING COMPANY OF MEMPHIS, TENNESSEE AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/22/93 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HELEN BAGWELL KELLY |
| ATTORNEYS FOR APPELLEES: | DONALD V. BURCH |
| | GEORGE E. READ |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 8/8/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/96 |

**BEFORE PRATHER, P.J., ROBERTS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## INTRODUCTION

¶1. This case involves a worker's compensation claim filed by Peter Inman, a former employee of Coca-Cola/Dr. Pepper Bottling Company of Memphis, Tennessee (Coca-Cola). The record reflects that Inman began employment with Coca-Cola in Sardis, Mississippi, on April 15, 1976. In August, 1988, Coca-Cola closed its trucking operations in Sardis, and transferred Inman to Memphis, Tennessee. On October 19, 1988, Inman was loading a truck in Brownsville, Tennessee, when he experienced a sharp, shooting pain in his back. Thereafter, Inman did not work for two months. He eventually terminated his employment due to continued back pain.

¶2. On November 14, 1989, Inman filed a Petition to Controvert. A hearing was held before an administrative law judge (ALJ), who determined that Inman was entitled to temporary total disability benefits of $198.00 per week and permanent partial disability benefits of $50.00 per week for 450 weeks. Coca-Cola appealed to the Mississippi Workers' Compensation Commission (MWCC), which reversed the finding of the ALJ and held that jurisdiction of Inman's claim was not proper in Mississippi. Inman appealed to the Hinds County Circuit Court, and sought reinstatement of the

ALJ's decision. The lower court affirmed the ruling of the MWCC. From that decision, Inman appeals and raises the following issues:

**I. Whether the Hinds County Circuit Court erred in finding that the MWCC did not have jurisdiction over Inman's claim?**

**II. Whether the order of the MWCC was supported by substantial evidence?**

¶**3.** The appellees cross-appeal and raise the following issue:

**III. Whether the Hinds County Circuit Court had jurisdiction to rule upon the MWCC's order?**

¶4. This Court finds that Tennessee is the proper jurisdiction for Inman's claim, and affirms the judgment of the lower court. Because the jurisdictional issue is dispositive, the other issues will not be addressed in this opinion.

## LEGAL ANALYSIS

¶5. The central issue in this case is whether Inman's transfer to Memphis was temporary or permanent. If the transfer was permanent, Inman is not entitled to collect worker's compensation benefits in Mississippi. *See Houston Contracting Co. v. Reed*, 95 So. 2d 231, 233-33 (Miss. 1957); *Winborn v. R. B. Tyler Co.,* 94 So. 2d 340, 343 (Miss. 1957); Miss. Code Ann. § § 71-3-109. The MWCC held that Inman was permanently transferred, and denied Inman's claim for benefits.

¶6. The standard of review in worker's compensation cases is limited. The substantial evidence test is used. *See Walker Manufacturing Co. v. Cantrell*, 577 So. 2d 1243, 1245-47 (Miss. l991).

> The Workers' Compensation Commission is the trier and finder of facts in a compensation claim...This court will reverse the Commission's order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence.

*McGowan v. Orleans Furniture, Inc.*, 586 So. 2d 163, 165 (Miss. 1991) (citations omitted).

¶7. Claude Mauldin, Inman's former supervisor, testified that Coca-Cola decided to move its trucking operations to Memphis for economic reasons, and that each driver had a choice of moving to Memphis or being "laid off." Inman testified that he believed the transfer was only temporary. However, Mauldin stated no representations were made that the assignments were temporary in nature. The decision of the MWCC was supported by substantial evidence, and was, therefore, properly affirmed by the Hinds County Circuit Court.

¶8. Furthermore, the Mississippi Code also provides that:

> The final award of the commission shall be conclusive and binding unless either party to the controversy shall, within thirty (30) days from the date of its filing in the office of the commission and notification to the parties, appeal therefrom to the circuit court of the county in which the injury occurred.

Miss. Code Ann. § 71-3-51 (Revised 1995).

¶9. This supports the holding that jurisdiction was proper in the State of Tennessee. Coca-Cola moved its trucking operations to Memphis, and Inman was injured in Brownsville, Tennessee. Jurisdiction, by statute, was completely in the State of Tennessee. Accordingly, the cross-appeal has merit. The judgment of the Hinds County Circuit Court, which affirmed the MWCC's denial of benefits, is affirmed.

¶10. **ON DIRECT APPEAL: JUDGMENT IS AFFIRMED. ON CROSS-APPEAL: JUDGMENT IS AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. MILLS, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶11. Because Coca-Cola failed to meet its burden to come forward with credible evidence that Inman's transfer to Memphis was permanent, Mississippi should retain jurisdiction over this claim. Inman worked for Coca-Cola in Sardis, Mississippi, for twelve years, maintained his residence there, even after performing in Memphis, and testified he had been informed that his work in Memphis was only temporary until he could be transferred back to Mississippi. Coca-Cola merely offered only the testimony of a retired warehouse manager who stated that Inman's transfer was permanent. The substantial weight of the evidence supports the ALJ's finding that Inman's transfer was temporary, and therefore, that the MWCC retained jurisdiction over his claim. Accordingly, I dissent.