Russell **MICHAEL**, Jr., d/b/a
Lann–Mark Farm, Movant,

v.

Louis Jose **COBOS**, et al., **Respondents.**

No. 87–SC–217–DG.

Supreme Court of Kentucky.

Nov. 25, 1987.

Henry E. Kinser, Lexington, for movant.

Charles E. Palmer, Jr., Lexington, for respondents.

STEPHENS, Chief Justice.

The issue to be decided by this appeal is whether the agricultural exemption to the Workers' Compensation Act in KRS 342.-650 and KRS 342.620 includes the conditioning and exercising of racehorses which have been released to the track, but have returned to the farm for rehabilitation from an injury. We hold that it does.

Louis Jose Cobos was employed as an "exercise boy" at Lann–Mark farm. His duties included riding the thoroughbreds around the practice track, as well as cleaning the tack room materials, shaking stalls, and cleaning the barns. On November 6, 1980, Appellee Cobos was injured when he fell from a horse he was exercising that had returned to the farm after an injury. Appellee filed a claim with the Workers' Compensation Board ("the Board") on August 1, 1981, and on July 8, 1985, the Board awarded Cobos compensation, holding the agricultural exemption of KRS 342.650(5) inapplicable to his case. The Fayette Circuit Court overturned the decision of the Board as "clearly erroneous," and held that there could be no doubt appellant was engaged solely in agriculture. The Kentucky Court of Appeals reversed and held that the training or retraining of racehorses is not an agricultural pursuit. We do not agree, and accordingly reverse the decision of the Court of Appeals.

This is an issue of first impression for this Court. The relevant statute, KRS 342.650(5) exempts from coverage of the Workers' Compensation Act "any person employed in agriculture." "Agriculture" is defined in KRS 342.620(19) as:

the operation of farm premises, including the planting, cultivation, producing, growing, harvesting and preparation for market of agricultural or horticultural commodities thereon, the raising of live-stock for food products and for racing purposes, and poultry thereon, and any work performed as an incident to or in conjunction with such farm operations.

Appellee argues that the exemption for agricultural pursuits from the Workers' Compensation Act does not include the training of thoroughbred racehorses for racing and sale. Appellee maintains the language of KRS 342.620(19), defining agriculture, only pertains to the raising of horses on the farm. Once they are sold or sent to the track, he contends, they are no longer to be categorized as livestock.

We disagree. KRS 342.620(19) includes "the raising of livestock ... for racing purposes." The horses raised on Lann–Mark Farm were for racing purposes. Appellee was injured falling from one of those horses. It stretches the imagination to envision how they could be seen otherwise. Nor does it change matters that the horse from which appellee fell had already left the farm to race and was back for rehabilitation from an injury. The Kentucky Court of Appeals resolved a nearly identical issue in favor of an expansive reading of the statute. In *Fitzpatrick v. Crestfield Farm, Inc.*, Ky.App., 582 S.W.2d 44, 47 (1978), the Court held:

[t]he "raising" of race horses obviously includes feeding, housing, and caring for brood mares. It would be an illogical and impermissibly narrow distinction to say that raising race horses is agriculture, but that once they are "raised", (presumably from foal to racing age) their feeding, housing, and care rendered on farm premises becomes a commercial operation.

Thus, the question to be decided is whether the conditioning and exercising of racehorses which have been released to the track, but have returned to the farm for rehabilitation following an injury "is an activity ordinarily and customarily conducted on farm premises and an activity generally recognized as an agricultural pursuit." *Id.* at 46. We hold that it is, and therefore reverse the Court of Appeals.

GANT, LEIBSON and VANCE, JJ., concur.

LAMBERT, J., dissents.

STEPHENSON, J., dissents in a separate opinion, and is joined by WINTERSHEIMER, J.

STEPHENSON, Justice, dissenting.

The only issue in this case is: How many times can a horse be raised?

The definition of agriculture in the statute includes the *"raising* of livestock ... for racing purposes." (Presumably this would include raising cows for racing purposes should this sport catch on.) The word "raising" should be fairly easy to define. In common parlance, as to humans, the outer limits would be from birth to the status of an adult. Apparently, horses are more different than I had thought. The question that comes to my mind is whether a horse can be "re-raised" or raised an infinite number of times? The majority does not clarify this concern. In any event, pursuing what the majority calls an expansive reading of the statute, it is apparent that the majority concludes a horse can be *"raised"* more than once or is *raised* all during its life.

The majority has amended the statute by expanding "raising for racing purposes" to include "or an activity ordinarily and customarily conducted on farm premises and an activity generally recognized as an agricultural pursuit." This language sounds good, but it is not in the statute and should not be the test. It may well be illogical to adhere to the express term of the statute as expressed in *Fitzpatrick*, but we are not supposed to amend statutes to make them logical in our view. I would affirm the Workers' Compensation Board and the Court of Appeals.

Accordingly, I dissent.

WINTERSHEIMER, J., joins in this dissent.