Beatrice Lynn STIDHAM, Appellant/Cross–Appellee,

v.

E.G. & Elizabeth DUNCAN d/b/a Bluegrass Quail and Chuckery Farm, Appellee/Cross–Appellant,

Uninsured Employers' Fund; Honorable W. Bruce Cowden, Jr., Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 96–CA–0992–WC, 96–CA–1249–WC.

Court of Appeals of Kentucky.

Sept. 6, 1996.

James H. Abell, Haydon & Abell, Bardstown, for appellant.

Kevin Nesbitt, Danville, for cross-appellant.

Before DYCHE, HOWERTON and SCHRODER, JJ.

## OPINION

SCHRODER, Judge.

This is a petition for review of a decision of the Workers' Compensation Board (the Board) which affirmed an Administrative Law Judge's (ALJ) decision which found the claimant did not incur an injury of appreciable proportions. The cross-petition alleges that the ALJ erred in finding the quail farm did not qualify for the agricultural exemption in coverage under the Workers' Compensation Act.

The claimant, Beatrice Lynn Stidham, worked for the Bluegrass Quail and Chuckery Farm. On or about October 19, 1992, while bending over to pick up a bag of feed, she felt something catch in her back. She finished the work day and then went home to bed. By the next day, her pain had worsened and she was hospitalized overnight. She has not returned to work.

Dr. James Templin, her treating physician, assessed a 12% impairment to the body as a whole in January of 1992, with possible improvement with physical therapy. Dr. Donald T. McCallister had seen claimant on November 19, 1991, and twice in December of 1991, for the back injury. The employer had Dr. McCallister re-examine the claimant in 1994. He conducted a physical exam, examined his x-rays and the other medical reports of 1991, and concluded that the claimant had no objective evidence of permanent impairment and imposed no restrictions on going back to work. He did find temporary disability but felt the claimant was currently exaggerating her symptoms.

The ALJ awarded temporary total disability benefits from October 19, 1991, through December 23, 1991, with medicals, but found no permanent impairment nor disability. The ALJ also found that the defendant employer was not entitled to the agricultural exemption of KRS 342.630(1) and KRS 342.650(5). The Board affirmed both issues. As to the jurisdictional issue, the Board relied on the ALJ's finding that the employer sold the birds to hunting preserves to be hunted and therefore did not qualify as an agricultural use.

We need to address the issue of whether or not a quail farm qualifies as an agricultural use first, because it is jurisdictional. KRS 342.630(1) and KRS 342.650(5) both specifically exempt agricultural workers from coverage under the Act. KRS 342.0011(18) defines agriculture to mean

> ... the operation of farm premises, ... growing, ... and preparation for market of agricultural or horticultural commodities thereon, the raising of livestock for food products and for racing purposes, and poultry thereon, ....

Clearly a quail farm is an agricultural use. The statute does not make a distinction between quail sold to hunting preserves as opposed to a food processor. Why should it be different? The activity customarily conducted on the farm premises in raising quail for either use remains the same, and that activity is generally recognized as an agricultural pursuit. This case is no different than *Fitzpatrick v. Crestfield Farm, Inc.*, Ky.App., 582 S.W.2d 44 (1978), wherein the Board tried to say the boarding of horses was not an agricultural use. *Fitzpatrick, supra*, says that activity generally recognized as an agricultural pursuit should be considered an agricultural use, and exclusions, not inclusions, need to be placed in the definition by the General Assembly. *Id.* at 46. We do not see any exclusion based on the use of the bird nor the means of killing. However, both sides agree that the birds are ultimately killed and consumed for their flesh. *Michael*

*v. Cobos,* Ky., 744 S.W.2d 419 (1987), carries *Fitzpatrick, supra,* a step further, recognizing that the relevant issue is where or how the animals are raised, and not for what use they are sold. Even though this use involved race horses which were specifically included in the definition, the court was of the opinion that the agricultural use looks at the raising of the animal and not the disposition or sale. Likewise, we are of the opinion that in the case sub judice, it is irrelevant whether the mature birds are sold to a hunting preserve or to a processor.

Our decision on the cross-petition which is jurisdictional, moots the issue of the petition.

For the foregoing reasons, it is the opinion of this Court that this case should be remanded back to the Board with directions to dismiss.

All concur.