# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 17, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2015-SC-000183-WC

**DATE** 4-7-16 Elwd Brown, D.C.

WENDY HANAWALT          APPELLANT

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>CASE NO. 2014-CA-000744-WC<br>WORKERS' COMPENSATION NO. 13-00296 |

J. THOMAS BROWN, D/B/A
WILD ROSE EQUESTRIAN CENTER;
KAREN BROWN, D/B/A
WILD ROSE EQUESTRIAN CENTER;
UNINSURED EMPLOYERS' FUND;
HONORABLE OTTO DANIEL WOLFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD        APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Wendy Hanawalt, appeals a Court of Appeals decision which affirmed the dismissal of her workers' compensation claim against Appellee, Wild Rose Equestrian Center. Hanawalt argues that the Administrative Law Judge ("ALJ") erred by finding that she is subject to the agricultural worker exemption from coverage under the Workers' Compensation Act. For the below stated reasons, we affirm the Court of Appeals.

Wild Rose provides horseback riding lessons, horse training, and horse boarding services at its 200 acre property. One of the owners of Wild Rose,

Karen Brown, testified that Wild Rose was a farm with hayfields, pastures, and horse boarding and riding facilities. The crops raised at Wild Rose were used and consumed on site. Hanawalt testified that Wild Rose also hosted riding academies and camps.

Hanawalt was employed by Wild Rose to maintain and train horses. She mucked stalls, retrieved hay for the horses, broke the horses, groomed the horses, trained the horses, maintained fence lines, and performed other common tasks for the care of horses. Hanawalt was paid twice a month based on the number of hours she worked. On her tax returns she indicated her occupation was "horse trainer."

Hanawalt was riding a thoroughbred to show its owner the progress the horse had made during training when she was thrown to the ground and injured. The horse was being boarded and trained in preparation to be moved to a different facility so that it could be properly trained as a race horse. Wild Rose does not train horses to race. Hanawalt filed for workers' compensation. Since Wild Rose did not have workers' compensation insurance on the date of the injury, the Uninsured Employers' Fund was added as a party to the claim.

After a review of the evidence, the ALJ found that Hanawalt was not covered under the Workers' Compensation Act per KRS 342.650(5) because she was employed in agriculture. The ALJ reasoned that since Hanawalt worked with the care and maintenance of horses, she was engaged in agricultural work. The ALJ cited to *Fitzpatrick v. Crestfield Farm, Inc.*, 582 S.W.2d 44 (Ky.

2

App. 1978), to support his finding. The Workers' Compensation Board and the Court of Appeals, in a two to one[1] decision affirmed. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

Hanawalt argues that the ALJ erred by finding she was an agricultural employee and therefore exempted from the Workers' Compensation Act. She argues that since Wild Rose provides horseback riding lessons and riding facilities it does not qualify as an agricultural employer under KRS 342.630. Hanawalt contends that Wild Rose is an entertainment venue. Hanawalt also argues that training and working with horses which are being boarded at an equestrian center is not an agricultural activity. We disagree.

---

[1] Judge Taylor dissented without opinion.

KRS 342.630(1) exempts employers, and KRS 342.650(5) exempts individuals, who are engaged in agriculture from the provisions of the Workers' Compensation Act. KRS 342.0011(18), in pertinent part, defines agriculture as, "the operation of farm premises, including . . . the raising of livestock for food products and for racing purposes." It only matters how the livestock has been raised and not what the final disposition or sale of the livestock will be when considering if it constitutes an agricultural activity. *Stidham v. Duncan*, 931 S.W.2d 463, 465 (Ky. App. 1996). In *Fitzpatrick*, 582 S.W.2d at 46, the Court of Appeals stated that:

> [t]he legislative definition of agriculture is stated in general terms as meaning 'the operation of farm premises' and the following enumeration of more specific types of activity to be included within the general term does not have the effect of excluding all that is not mentioned. Particularly is this true when in the same definition the legislature went on specifically to enumerate those activities which were not to be included within the general term.

The logic expressed in *Fitzpatrick* makes sense when considering that a sheep farm, which produces wool, does not produce either food products or livestock for racing purposes, but certainly is engaged in agricultural activities.

Applying these principles, we cannot say the ALJ erred by finding that Hanawalt was employed in agriculture and exempted from the Workers' Compensation Act per KRS 342.650(5). The feeding, housing, caring for, and training of horses, even if owned by another individual than the farm owner, has been held to be an agricultural activity. *Michael v. Cobos*, 744 S.W.2d 419 (Ky. 1987); *Fitzgerald*, 582 S.W.2d at 47. It is undisputed that Hanawalt's job at Wild Rose involved all of these activities. Additionally, it does not matter if

4

the horses were to be sold for racing purposes or used at Wild Rose for riding lessons. Hanawalt was employed in agricultural activities at Wild Rose and the ALJ's opinion is supported by substantial evidence.

For the above stated reasons, we affirm the Court of Appeals.

All sitting. Minton, C.J.; Cunningham, Hughes, Keller, and Venters, JJ., concur. Noble, J., concurs by separate opinion in which Wright, J., joins.

NOBLE, J., CONCURRING: The dispute in this case arises out of the application of KRS 342.650(5), which exempts "[a]ny person employed in agriculture" and KRS 342.0011(18), which defines "[a]griculture." The ALJ, the Workers' Compensation Board, and the Court of Appeals found the Appellant, Wendy Hanawalt, to be exempt. The majority of this Court has affirmed the Court of Appeals.

Wendy Hanawalt worked for Wild Rose Equestrian Center to maintain and train horses. The "farm" where the claimant worked operates primarily as a business giving riding lessons. But it also boards and trains horses. As such, it is similar to the "farm" in *Bob White Packing Co. v. Hardy*, 340 S.W.2d 245 (Ky. 1960). There, a worker mowing hay on a farm owned by a meat packing plant was injured. Despite what appeared to be a clear agriculture act, the worker was found not to be excluded by the agriculture exception because the primary purpose of the business owner was operating a slaughterhouse, not a hay farm. The court found that the farming was incidental to the slaughterhouse business, because the business used the farm and its products

5

as a holding place for animals going to slaughter. Therefore, the worker was not exempt and could file a workers' compensation claim.

At first blush, *Bob White Packing* appears to be nearly identical to the alignment in the present case. The primary business of Wild Rose is providing riding lessons, a non-agriculture business, as was the meat packing plant. But Wild Rose also is a boarding and training stable that continues the development of the agriculture product itself, horses, which would be exempt standing alone. Applying the rule in *Bob White Packing,* it must be determined whether the horse maintenance and training is "an integral part" of the non-agriculture business, the giving of riding lessons.

It is not clear here that the boarding and training of boarded horses (a normally agricultural act the same as mowing hay) actually supported or was integral to the primary business of giving riding lessons. In fact, because Hanawalt was actually training a horse for an individual owner who wanted to ready the horse for potential racing, the available proof indicates that horse maintenance and training was a separate business venture, although done under the same name as the riding lessons business.

Thus, if the maintenance and training of horses cannot be shown to be integral to the non-agriculture business as it was in *Bob White Packing,* then it must be examined standing alone, regardless of whether the primary business is agricultural only. When the work performed by Wendy Hanawalt is viewed in that light, she is an agricultural worker by definition and is therefore exempt from workers' compensation coverage. But if her work had been found to be

integral to the work done by the non-agriculture business, then she would not have been exempt, regardless of how agricultural her work appeared.

It is not unusual for businesses to perform work that might cross definitional lines. But the test of first establishing what the business's primary function is, followed by determining if otherwise exempt work is nonetheless exempt because it is integral to the non-agriculture business, is not overly burdensome and is highly fact specific.

The difficulty here is that applying the rule in *Bob White Packing* in this case results in a different result than the conclusion in *Bob White Packing*. There, the worker was not exempt (mowing hay), but here she is (boarding and training horses). Nonetheless, the rule has been applied in both cases, and the opposite results are correct based on the facts of each case.

Consequently, I join the majority opinion.

Wright, J. joins.

COUNSEL FOR APPELLANT,
WENDY HANAWALT:

Larry Duane Ashlock


COUNSEL FOR APPELLEE,
J. THOMAS BROWN, D/B/A
WILD ROSE EQUESTRIAN CENTER
AND KAREN BROWN, D/B/A
WILD ROSE EQUESTRIAN CENTER:

Thomas E. Cooper


COUNSEL FOR APPELLEE,
UNINSURED EMPLOYERS' FUND:

Charles Davis Batson